LOTTINGER, Judge.
This is a tort action brought by George Williams, a prisoner in Louisiana State Penitentiary at Angola, against Davy Kelone, Charles LeBorde, Michael Mulkey, Glynn Blades, Jimmy White, Stephen Phillips, Douglas Chaney, Wendell Arnold and Kyle Smith, employees of the prison, for damages Mr. Williams allegedly sustained as a result of having to sleep with a soiled blanket.
Mr. Williams was in and out of administrative lockdown for the period beginning February 2, 1985 through June 20, 1985. During that period he spent most of his time in administrative lockdown with the exception of about four weeks. Each time he was placed in administrative lockdown he was made to use the blanket which was already assigned to that cell whether it had *916 been used by a previous prisoner or not. He complains that the blankets he was required to use were soiled with various body excretions, hair, and dirt left on the blankets by other prisoners. He claims that the failure to provide him with a clean blanket violates his constitutional right to be free of cruel and unusual punishment. U.S. Const, amend. VIII; La. Const, art. 1, § 20. Mr. Williams claims several million dollars in damages and in the alternative prays for an order requiring him to be provided with a clean blanket.
Mr. Williams does not dispute that he was given clean sheets upon entering administrative lockdown and that these sheets were cleaned regularly. His complaint only concerns the blankets.
The testimony on behalf of the defendants reveals that, as a general unwritten policy, the blankets are distributed to the cells in the fall when the weather begins to turn cold and picked up in the spring. Although the defendant could not state the specific dates the blankets were cleaned, they testified that the blankets are cleaned about three to four times per year. Further, the cells are checked periodically and if a blanket appears to be soiled or torn, it is replaced.
The trial court dismissed the plaintiff’s action, and the plaintiff now appeals.
The conditions at a penal institute are in violation of the U.S. Const, amend. VIII as well as the La. Const. art. 1, § 20 if they are incompatible with the “evolving standards of decency that mark the progress of a maturing society,” Trop v. Dulles, 356 U.S. 86, 101, 78 S.Ct. 590, 598, 2 L.Ed.2d 630 (1958) or if they “involve the unnecessary and wanton infliction of pain.” Gregg v. Georgia, 428 U.S. 153,173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976). Those standards of decency require the state to furnish its prisoners with reasonable adequate food, clothing, shelter, sanitation, medical care, and personal safety. N.H. Newman v. State of Alabama, 559 F.2d 283, 291 (5th Cir.1977), modified, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114, cert. denied, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978).
The prisoners must be provided clean clothing or provided access to facilities necessary to clean the clothing themselves. Hamilton v. Landrieu, 351 F.Supp. 549 (E.D.La.1972). They also must be issued proper clothing to protect them from the cold when they are required to be exposed to severe winter conditions. Knop v. Johnson, 667 F.Supp. 467, appeal dismissed, 841 F.2d 1126 (W.D.Mich.1987). We feel that a prisoner’s bedding should also be reasonably clean, and in the event of severe weather conditions be adequate to protect them from the cold.
However, a prison is not required to furnish what we might consider ideal bedding. Thus, the court in McMurry v. Phelps, 533 F.Supp. 742 (W.D.La.1982) overruled on other grounds, 765 F.2d 1270 (5th Cir.1985), found no violation of the eighth amendment even though the inmates had only a mattress cover for bedding. This cover allowed the inmate to sleep with a cover on top and a layer of bedding between himself and the mattress.
In the present case, the prisoners are given clean sheets upon entering administrative lockdown, and the sheets are cleaned weekly thereafter. The prisoner is able to place a sheet between himself and the mattress, and himself and the blanket. The blankets are cleaned twice to three times a year and are replaced if they become extremely soiled or torn. Further, there is nothing in the record which suggest that the prisoners are subject to cold weather or cold temperatures which would constitutionally require that the prisoners be issued a blanket at all. Thus, we find that the evidence in this case falls short of proving a deprivation of basic personal hygiene that would violate the evolving standards of decency that mark the progress of a maturing society. We find no error in the trial courts dismissal of the plaintiff’s case. The trial court judgment is affirmed at appellant’s costs.
AFFIRMED.