739 So.2d 882 (1999)
Daniel ROBINSON
v.
Burl CAIN, Louisiana State Penitentiary; Richard Stalder, Secretary, Louisiana Department of Public Safety and Corrections.
No. 98 CA 1503.
Court of Appeal of Louisiana, First Circuit.
June 25, 1999.
Rehearing Denied September 1, 1999.
Daniel Robinson, Angola, for Plaintiff/Appellant, pro se.
*883 Bruce Dodd, Baton Rouge, Counsel for Defendants/Appellees Burl Cain, et al.
Before: CARTER, C.J., SHORTESS and WHIPPLE, JJ.
WHIPPLE, J.
In June 1997, petitioner, Daniel Robinson, an inmate at Louisiana State Penitentiary, filed a petition seeking judicial review pursuant to LSA-R.S. 15:1171, et seq., of a final administrative decision, ARP No. LSP-96-4893, which denied petitioner's requested relief. Named defendants were Burl Cain, Warden of Louisiana State Penitentiary, and Richard Stalder, Secretary of the Louisiana Department of Public Safety and Corrections. The district court rendered judgment in favor of defendants, adopted the Commissioner's report as reasons and dismissed without prejudice petitioner's negligence claim and Eighth Amendment deliberate indifference claims. These claims essentially were based upon the Department's alleged failure to provide adequate ventilation and monitoring of existing ventilation in the prison dormitories.

FACTS AND PROCEDURAL HISTORY
Petitioner is housed in a medical/handicap dormitory at Louisiana State Penitentiary. Petitioner is a non-smoker, and his dormitory houses approximately 64 inmates. Petitioner asserts the institutional smoking policy at Louisiana State Penitentiary designates dormitories as smoking areas, and inmates are allowed to smoke in all areas of the dormitory: the day room, TV room, rest room and living areas. Further, due to security precautions, inmates are not allowed to go outside to smoke.
It is undisputed that the dormitory in which petitioner resides is equipped with four exhaust fans in the dormitory area and one fan each in the TV and Game room. Additionally, there are several windows throughout the dormitory. The prison officials assert that sufficient ventilation exists; however, petitioner argues that although the means to ventilate may be available, this alone is not enough, and that the exhaust fans should be on at all times.
In connection with an earlier proceeding, the assistant prison warden rendered an order requiring the dormitory officers to monitor and control the ventilation system throughout the dormitory in accordance with the majority vote by the inmates in each dormitory. Petitioner claims, however, that because the inmates control the ventilation system by majority vote, he is subjected to cruel and unusual punishment inasmuch as the ventilation system is sometimes turned off completely, especially in the cooler months. The absence of ventilation in his dormitory where inmates smoke and where many inmates are ill, petitioner argues, creates a health hazard by exposing the inmates and the dormitory officers to environmental tobacco smoke as well as increasing the risk of the transfer of contagious infections such as influenza, common colds and tuberculosis.
Petitioner further claims that the dormitory officers do not in fact monitor and control the ventilation system as ordered by the assistant warden. Instead, inmates have access to the ventilation controls and continue to switch them off regardless of the majority vote which creates many disagreements and tension in the dormitories.
The district court reviewed petitioner's claims and in accordance with the recommendation of the Commissioner's report, the court denied petitioner the relief requested, granting judgment in favor of the defendants and dismissing petitioner's suit without prejudice.
On appeal, Robinson claims that the trial court erred in (1) denying his Eighth Amendment claim based upon the lack of ventilation and the prison's smoking policy and (2) denying his claim for damages based on defendant's negligence.

*884 STANDARD OF REVIEW
Louisiana Revised Statutes 15:1177 sets forth the appropriate standard for judicial review of administrative decisions by the Department of Public Safety and Corrections and limits judicial review to issues presented in the petition for judicial review and the administrative remedy request. LSA-R.S. 15:1177(A)(5). Furthermore, a reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by abuse of discretion or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9).

MOTION TO EXPAND THE RECORD
After filing the petition for judicial review by the district court, petitioner filed two motions to expand the record. In the first motion, petitioner alleged various additional facts in support of his claims which he contended he had not introduced at the agency level for fear of retaliation by the prison officials.[1] In the second motion, petitioner alleged that since the filing of his petition for judicial review, a significant change of facts had occurred which "needs to be entered into the record for review."[2] In the second motion, petitioner thus tried to introduce a new claim as well as additional facts which allegedly supported his then pending claims.
As to both of Robinson's motions to expand the record, the evidence submitted at the district court level had not been reviewed by the agency; therefore, the lower court was without authority to expand the record or to review the petitioner's claims on the basis of the additional facts alleged. As the district court recognized, LSA-R.S. 15:1177(A)(5) limits the court's review to the issues presented in the petition for judicial review and the administrative remedy request. Under the Corrections Administrative Remedy Procedure Act, the opportunity for the parties to present evidence occurs at the administrative level. Robinson v. Stalder, 98-0558, p. 2 (La.App. 1st Cir.4/1/99); 734 So.2d 810. Thus, the lower court properly refused to consider these "facts" in its review. Although the lower court had the option to remand the case and order that additional evidence be taken, pursuant to LSA-R.S. 15:1177(A)(8), it was not error to refuse to remand the case. Moreover, we note that the lower court's dismissal rendered herein was without prejudice. Thus, contrary to petitioner's arguments on appeal to this court, petitioner has not been foreclosed from filing an administrative review procedure to address these additional facts and claims.
This argument lacks merit.

THE DELIBERATE INDIFFERENCE CLAIM
It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment as well as Louisiana Constitution art. 1, § 20. Helling v. McKinney, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22 (1993); Williams v. Kelone, 560 So.2d 915, 916 (La.App. 1st Cir.), writ denied, 567 So.2d 107 (La.1990). The Eighth Amendment proscribes more than physically barbarous punishments, and it embodies "`broad and idealistic concepts of *885 dignity, civilized standards, humanity, and decency ...,' against which penal measures must be evaluated. Thus, the Eighth Amendment proscribes punishments which are incompatible with `the evolving standards of decency that mark the progress of a maturing society[,]' ... or which `involve the unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 102-103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976) (citations omitted).
Petitioner claims that the lack of ventilation in a dormitory where the institutional policy allows inmates to smoke and where many prisoners are ill violates his Eighth Amendment rights under the United States Constitution by exposing him to an unhealthy environment and to the risk of future illness. Although inadequate ventilation may violate a prisoner's rights under the Eighth Amendment if the inadequacy is proven to be harmful or to cause injury, we must determine whether the conditions petitioner complains of amount to cruel and unusual punishment. Shelby County Jail Inmates v. Westlake, 798 F.2d 1085, 1087-1088 (7th Cir.1986). Thus, petitioner's complaints of inadequate ventilation and/or exposure to environmental tobacco smoke must be scrutinized under the "deliberate indifference" standard. Helling, 509 U.S. at 32, 113 S.Ct. at 2480.
In Helling, the United States Supreme Court addressed a prisoner's claim that his Eighth Amendment rights were violated because he was forced to share a cell with an inmate who smoked five packs of cigarettes a day and was being exposed involuntarily to second-hand smoke which increased his risk of future injury. The Court held that the Eighth Amendment, which protects prisoners against prison officials' deliberate indifference to prisoners' current health problems, also protects against deliberate indifference for a condition of confinement that is sure or very likely to cause serious illness. Helling, 509 U.S. at 33-36, 113 S.Ct. at 2480-2482. The Court held that the prisoner had stated a cause of action under the Eighth Amendment by alleging that the prison officials had exposed him, with deliberate indifference, to levels of environmental tobacco smoke that pose an unreasonable risk of serious damage to his future health. Accordingly, the Court affirmed the remand of the case to the district court for the introduction of evidence. Helling, 509 U.S. at 35, 113 S.Ct. at 2481.
However, the Court explained that to prevail on a deliberate indifference claim, the burden of proof is upon the prisoner and there must be proof of both objective and subjective elements. Helling, 509 U.S. at 35-36, 113 S.Ct. at 2481-2482. As to the first objective factor in a deliberate indifference claim, the prisoner must establish that the prison conditions to which he is involuntarily exposed unreasonably endanger his future health. Helling, 509 U.S. at 35, 113 S.Ct. at 2482. This element of proof would consist of scientific and statistical proof as to the seriousness of the potential harm and the likelihood of such injury. Helling, 509 U.S. at 36, 113 S.Ct. at 2482.
The second objective factor which must be proved is that it is contrary to current standards of decency for anyone to be so exposed against his will. Helling, 509 U.S. at 36, 113 S.Ct. at 2482. This factor requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. Helling, 509 U.S. at 36, 113 S.Ct. at 2482.
The subjective element of proof requires that a prisoner prove that prison officials are deliberately indifferent to plaintiff's plight. This element involves an inquiry into the prison officials' state of mind, Helling, 509 U.S. at 32, 113 S.Ct. at 2480, and should be determined in light of the prison authorities' current attitudes and conduct as well as considerations of arguments regarding the realities of prison administration. Helling, 509 U.S. at 36-37, 113 S.Ct. at 2482. Furthermore, a deliberate *886 indifference claim must be reviewed under "evolving standards of decency that mark the progress of a maturing society." Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).
Applying these precepts herein, we find no error by the lower court in rejecting petitioner's claims.
As the Commissioner correctly noted in her report, there is nothing in the record in the instant case to indicate that petitioner has met this burden of proof, or that the Department's decision in denying relief was either arbitrary or without factual basis or reason. Robinson's deliberate indifference claim is based upon his disagreement with the method employed to control and monitor the dormitory ventilation systems. He claims that the inadequate ventilation subjects him to the risks associated with exposure to second-hand smoke as well as subjecting him to the possible risks of air-borne contagions. However, in view of the Supreme Court's explanation of a prisoner's burden of proof in an Eighth Amendment deliberate indifference claim, we cannot say that Robinson has proved either the objective or subjective elements in this case, based upon the record presented herein.
First, as to the objective elements, petitioner has presented no proof, scientific or statistical, as to the risks posed by residing in dormitories with non-ventilated air. Likewise, as to the objective proof concerning society's standards, plaintiff has introduced no proof as to whether it is contrary to current standards of decency for anyone to be so exposed. Petitioner has pointed to no new laws or other proof of "evolving standards of decency that mark the progress of a maturing society" as would establish his claim. Rhodes, 452 U.S. at 346, 101 S.Ct. at 2399.
Two similar federal cases involving deliberate indifference claims were decided over ten years ago. In those cases, the courts noted that at that time, society had not yet decided upon the propriety of nonsmoking areas and smoke-free environments. Wilson v. Lynaugh, 878 F.2d 846, 851 (5th Cir.1989), cert. denied, 493 U.S. 969, 110 S.Ct. 417, 107 L.Ed.2d 382 (1989); Gorman v. Moody, 710 F.Supp. 1256, 1262 (N.D.Ind.1989). We again agree with the Commissioner's conclusion that while "[i]t is entirely possible that our society is evolving into one favoring smoke-free living conditions," petitioner has failed to introduce proof as to any changes in public policy and standards since the rendition of those federal decisions rejecting similar arguments.
Additionally, as to the subjective element, there is no proof in the limited record on review to show that the prison officials administrate the dormitories with deliberate indifference. In each step of the administrative proceeding, the prison officials investigated petitioner's complaints and responded thereto. Their responses included changing the official policies, such as ordering the dormitory officers to regulate the ventilation system by majority inmate vote and taking steps to assure proper compliance with official policies by prison officials charged with regulating the controls. Also, the prison administration offered reasonable explanations for current policies, explaining that the smoking policy in place at the prison is designed to address security concerns. Although petitioner points out that other Louisiana prisons allow prisoners to smoke outside, it is reasonable for the prison officials at Louisiana State Penitentiary to operate under the existing policy due to heightened security concerns. In view of the lack of proof to support his deliberate indifference claim, we find the district court did not err in dismissing this claim.
This argument also lacks merit.

THE NEGLIGENCE CLAIM
Finally, as to petitioner's negligence claim against defendants for their alleged failure to provide a smoke-free environment, we likewise agree with the district *887 court's conclusion that petitioner has introduced no proof of damages nor of breach of any duty. Therefore, the district court properly dismissed petitioner's negligence claims.
This argument likewise lacks merit.

CONCLUSION
After a thorough review of the administrative record and consideration of applicable state and federal law and jurisprudence, we affirm the March 31, 1998 judgment of the district court dismissing Robinson's claims without prejudice.
Costs in the amount of $346.65 are assessed against petitioner, Daniel Robinson.
AFFIRMED.
SHORTESS, J., dissents with reasons.
SHORTESS, J., dissenting.
It troubles me that the majority, in discussing the objective elements of plaintiff's burden of proof, observes that he failed to present any evidence as to the risks encountered by being subjected to secondhand smoke, citing Rhodes v. Chapman, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). Rhodes was decided in 1981, long ago as far as the evolution of the dangers from second-hand smoking became public knowledge.
I note that plaintiffs case was dismissed without prejudice. This is an issue that needs to be explored again.
I respectfully dissent.
NOTES
[1] Petitioner submitted four affidavits executed by other inmates residing in the same dormitory in support of his allegations concerning the conditions in the dormitories.
[2] According to plaintiff's motion, all ventilation exhaust fans and ports were removed and sealed off in January 1998. Petitioner claimed that accordingly, there was no ventilation in his dormitory.