770 So.2d 447 (2000)
Billy Mac McCOY
v.
Richard STALDERSecretary; Burl CainWarden; State of Louisiana Through Dept. of Corrections; 19th Judicial District Court; Jef Pelz Deputy Secretary; Dora RabalaisDirector of Legal Programs at L.S.P.
No. 99 CA 1747.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*448 Billy Mac McCoy, Angola, in proper person Plaintiff-Appellant.
Richard P. Ieyoub, Attorney General, Andre Charles Castaing, Assistant Attorney General, Baton Rouge, for Defendants-Appellees Richard Stalder, Burl Cain, Jef Pelz and Dora Rabalais.
BEFORE: PARRO, GUIDRY, and GANUCHEAU, JJ.[1]
GUIDRY, J.
A prison inmate appeals the dismissal of his petition seeking review of an adverse decision rendered in regard to an Administrative Remedy Procedure (ARP) filed by him questioning the use of inmate counsel and the application of the Corrections Administrative Remedy Procedure Act (CAPA), La. R.S. 15:1171-1190 to his legal claims. Based on the following review, we affirm.

FACTS AND PROCEDURAL HISTORY
Appellant, Billy Mac McCoy, is an inmate at the Louisiana State Penitentiary at Angola, Louisiana, where he is serving a life sentence without benefit of reduction of sentence or parole. Appellant was sentenced to life imprisonment following his conviction for aggravated rape in September 1974.
On August 1, 1997, appellant sent a letter of complaint to Richard Stalder, secretary of the Department of Public Safety and Corrections, which became the basis for ARP No. 98-0002. In the complaint letter, appellant alleged that inmate counsel were used to investigate ARP complaints, that inmate counsel assigned to assist prisoners with their legal filings *449 were ineffective and that the overall ARP system, meaning CARPA, was flawed and should be suspended pending renovation of the same. The ARP was accepted for administrative review on January 20, 1998,[2] and continued through the three-step administrative review process.[3] Although appellant acknowledged receipt of the adverse third-step response on March 25, 1998, he filed a petition for judicial review of the decision on March 10, 1998, with the Nineteenth Judicial District Court. The petition names the following persons as defendants: Richard Stalder, secretary of the Department of Public Safety and Corrections; Burl Cain, warden of the Louisiana State Penitentiary at Angola, Louisiana; the State of Louisiana, through the Department of Public Safety and Corrections; the Nineteenth Judicial District Court; Jef Pelz, Corrections Internal Affairs Investigator 3 (appellant refers to him as Deputy Secretary of the Department of Public Safety and Corrections in the petition); and Dora Rabalais, director of legal programs at the Louisiana State Penitentiary at Angola.
In his petition for judicial review, appellant sought review of the adverse decision rendered in ARP No. 98-0002 and further asserted the following claims: (1) CARPA is unconstitutional on the basis that it violates the due process, equal protection, access to courts, separation of powers, supremacy and contract provisions of the federal and state constitutions; (2) defendants failed to provide competent legal assistance for drafting writs of habeas corpus and other post-conviction relief including an appeal of the appellant's conviction; and (3) defendants failed to provide competent legal assistance to aid appellant in drafting civil petitions objecting to prison conditions. In the course of this litigation, appellant filed several motions requesting declaratory and injunctive relief and appointment of counsel, most of which were denied.
On June 23, 1998,[4] defendants filed exceptions of no cause of action, vagueness, prescription, failure to exhaust administrative remedies, lack of subject-matter jurisdiction, and res judicata. On July 2, 1998, appellant filed a document entitled "1st Amendment Complaint," in which he sought to amend his petition to remove the bases for the exceptions raised by defendants. A hearing was set for October 19, 1998, to review the merits of appellant's petition for judicial review, but was continued without date in response to defendants' motion. In the motion, defendants requested that the hearing be continued to await the district court's ruling on their exceptions and because they had not filed an answer to the petition. Upon granting the motion to continue, the district court set all outstanding motions and exceptions to be heard on October 19, 1998.
On September 4, 1998, appellant moved to recuse the commissioner assigned to the case, and his motion was granted by the district court on September 10, 1998. Also in the motion to recuse, appellant requested that his request for declaratory and/or injunctive relief challenging the application of CARPA be set for hearing within thirty *450 days of the filing of the motion. In its order granting the motion, the district court ordered the parties to show cause, by written brief, why appellant should not be granted the relief requested.
On November 5, 1998, the district court rendered judgment in favor of the defendants on appellant's motion for declaratory and injunctive relief. Also in that judgment, the district court dismissed, with prejudice, those portions of appellant's petition in which the relief requested was the same as requested in the motion for declaratory and injunctive relief.
On February 24, 1999, the district court notified the parties that a hearing on the exceptions raised by appellant would be decided on written briefs submitted. On March 24, 1999, appellant again sought to amend his petition by filing a motion and order for leave to amend his complaint. Said motion was not ruled on by the district court. On March 31, 1999, the commissioner filed his recommendation with the district court. In the commissioner's report, he observed that all of the constitutional challenges raised by appellant had previously been decided by the district court in the November 5, 1998 judgment dismissing appellant's petition in regard to those issues. Therefore, in his report, the commissioner only considered the merits of appellant's appeal of the adverse decision rendered in ARP 98-0002. Finding no error in the decision rendered by the defendants in ARP 98-0002, the commissioner recommended that the district court grant defendants' exception of no cause of action in reference to ARP 98-0002, that appellant's petition be dismissed and that appellant be assessed with a strike in accordance with La. R.S. 15:1187. Appellant filed traversals of the commissioner's recommendations on April 19, 1999. A final judgment dismissing appellant's petition was rendered by the district court on April 19, 1999. On April 30, 1999, appellant moved for a devolutive appeal of the April 19, 1999 judgment which was granted by the trial court.

ASSIGNMENTS OF ERROR
In his brief, appellant designates several issues or questions presented, which we shall refer to as his assignments of error. The assignments raised are as follows:
1): Whether petitioner was entitled to amend the petition to remove the basis of the exceptions raised by defendants?
2): Whether the trial court erred by confining this state tort/federal right of action to the confinement of [LSA] R.S. 15:1177 whereas no objection to issues not specifically raised in the administrative remedy procedure?
3): Whether the trial court erred by refusing to consider and or (sic) rule on all outstanding pleadings/motions outlined in my "TRAVERSE" in conjunction with the Report and Recommendation?
4): Whether a prisoner can be subject to a "strike" in a non-frivolous action and whereas the judicial review is constitutional (sic) based?
Appellant has requested to amend his appellate brief to add the following assignments of error:
1): Whether petitioner was entitled to have his request for Declaratory/Injunctive Relief heard and Ruled upon when said issues were properly before the court and governs the standard of Review prior to addressing the merits of the petition?
2): Whether petitioner was entitled to have his claims in various petitions and the A.R.P. heard and ruled upon by the district court.

STANDARD OF REVIEW
In its judicial review of the prison authorities' final decision, the district court functioned as an appellate court. Therefore, on review of the district court's judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme *451 Court to factual findings or legal conclusions of the court of appeal. Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 5 n. 5 (La.App. 1st Cir.2/20/98), 710 So.2d 799, 803 n. 5, writ denied, 98-0780 (La.5/8/98), 719 So.2d 51.
Moreover, as stated in Robinson v. Cain, 98-1503 (La.App. 1st Cir.6/25/99), 739 So.2d 882:
Louisiana Revised Statutes 15:1177 sets forth the appropriate standard for judicial review of administrative decisions by the Department of Public Safety and Corrections and limits judicial review to issues presented in the petition for judicial review and the administrative remedy request. LSA-R.S. 15:1177(A)(5). Furthermore, a reviewing court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decisions or findings are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by abuse of discretion or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9).
Robinson, 98-1503 at 3-4, 739 So.2d at 884.
With these principles in mind, we review the matter before us.

DISCUSSION
At the outset, we note that appellant failed to seek supervisory writs nor did he appeal the November 5, 1998 judgment rendered by the district court. In his "Request for Devolutive Appeal," appellant specifically designated that an appeal be granted from the April 19, 1999 judgment. As such, we decline to consider any of appellant's arguments in reference to the issues determined in the November 5, 1998 judgment.[5] Therefore, the only issues properly before this court on appeal is the propriety of the trial court rulings in regard to the April 19, 1999 judgment. See McCoy v. City of Monroe, 32,521, p. 5 (La.App. 2nd Cir.12/8/99), 747 So.2d 1234, 1240.

Supplemental and Amending Petitions
In his first assignment of error, appellant alleges that the district court erred in failing to allow him to amend his petition. Louisiana Code of Civil Procedure articles 932, 933 and 934 expressly grant the plaintiff a right to amend his petition when the basis of the exceptions can be removed by such amendment. However, articles 932 and 934, referring to declinatory and peremptory exceptions, respectively, also state that if the grounds of the objection cannot be removed by amendment of the petition, the petition should be dismissed. So if the grounds for the exception cannot be removed by amendment, the district court is not required to allow the amendment. Treasure Chest Casino, L.L.C. v. Parish of Jefferson, 96-1010, p. 6 (La.App. 1st Cir.3/27/97), 691 So.2d 751, 755, writ denied, 97-1066 (La.6/13/97), 695 So.2d 982.
A document titled "1st Amendment Complaint" filed on July 2, 1998, is the first document found in the record in which appellant seeks to amend his petition. In that document appellant makes the following assertions: (1) defendants failed to assist appellant in obtaining counsel to perfect an out-of-time appeal of conviction and to pursue other post-conviction appellate relief; (2) defendants refuse to assist appellant in the prosecution of pending civil and criminal petitions appellant *452 has pending before both federal and state courts nor will defendants allow appellant uninterrupted communication with fellow inmate, Richard Lay; and (3) appellant is harmed and threatened with actual injury by the operation of La. R.S. 15:1171-1190.
In a document titled "Appeal to Trial Judge" appellant alleges that he filed a document titled "Request Leave To Supplement Petition" dated July 7, 1998, a copy of which is not contained in the record before us. Finally, on March 24, 1999, appellant filed a "Motion For Leave To Amend Complaint," in which he alleged several claims. As the record reflects, many of the issues raised by appellant in his amending and supplemental petitions have previously been considered and rejected by this and other federal and state courts or are currently the subject of another ARP presently pending review at the administrative level.[6]
In Lightfoot v. Stalder, 97-2626 (La. App. 1st Cir.12/28/98), 727 So.2d 553, this court affirmed the judgment of the district court dismissing the prisoner's suit for his failure to designate which of six ARPs he wanted the court to review in that particular suit. In affirming the judgment, this court stated: "Allowing an offender to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court's role by having several records transmitted for review. This would allow a multitude of cross referencing issues, facts and actions, which would not allow for orderly disposition of the suit." Lightfoot, 97-2626 at 3, 727 So.2d at 555. Therefore, we find, in accordance with Lightfoot, that the district court would have been obliged to deny appellant's motion to amend had it ruled upon the same.
Furthermore, Shelton v. Louisiana Department of Corrections, 96-0348 (La.App. 1st Cir.2/14/97), 691 So.2d 159, provides another basis for finding that the district court would have been compelled to deny appellant's motion. In that case, we affirmed the dismissal of the prisoner's petition insofar as it sought review of a claim that had already been dismissed by the district court. We held that "[h]is attempt to `consolidate' these already rejected complaints into a pending matter is an abuse of the process." Shelton, 96-0348 at 7, 691 So.2d at 163. The prisoner in Shelton sought to have the court review an ARP that had been previously rejected as time barred by making reference to the prescribed ARP in his petition for review of another ARP decision that was timely. In this case, appellant sought to have the district court review claims related to appellant's failure to appeal his conviction and for other post-conviction relief. However, research reveals a list of several cases in which these same claims have been raised and rejected by the courts of this state. See State ex rel. McCoy v. State of Louisiana, 99-0617 (La.8/25/99), 747 So.2d 47; State ex rel. McCoy v. Whitley, 93-2842 (La.6/28/96), 675 So.2d 1104; State ex rel. McCoy v. Whitley, 597 So.2d 1021 (La.1992); State ex rel. McCoy v. Joyce, 567 So.2d 1121 (La.1990); State ex rel. McCoy v. Blackburn, 401 So.2d 972 (La.1981); McCoy v. City of Monroe, 32,521 (La.App. 2nd Cir.12/8/99), 747 So.2d 1234.
Finally, we note in regard to this assignment of error, that in all other respects, appellant's proposed amending and supplemental petitions do not remove the defects in the petition to which the exceptions were addressed and as such, the district court was not bound to allow the amendment. See La. C.C.P. arts. 932 and 934. Also several of the proposed amendments seek to raise new causes of action which procedure is not authorized under either La. C.C.P. art. 932 or 934. See Malin v. Andrus Homes, Inc., 610 So.2d 223, 225 *453 (La.App. 3rd Cir.1992). We, therefore, reject this assignment of error.

Applicability of CARPA to § 1983 actions
Although the issue contested in appellant's second assignment of error is somewhat unclear based on its wording, examination of appellant's argument in support of the assignment indicates that appellant is again requesting that the court evaluate the constitutionality of subjecting § 1983 causes of action to CARPA review. As previously stated, any objections appellant may have to the district court's determination of the constitutionality of that statute were mooted by the res judicata effect of the November 5, 1998 judgment. We also note that the authority to apply CARPA to § 1983 actions is found in 42 U.S.C. § 1997e(a).[7] Hence, in both of these respects, we find that appellant's second assignment of error lacks merit.

Traversal
In appellant's third assignment of error, he questions the district court's failure to rule on the motions and pleadings listed in the traversal filed with the court. However, in appellant's argument in support of the error raised, he asserts that the district court's failure to conduct a de novo review in connection with his petition for judicial review was error. We find that both allegations lack merit for the following reasons.
First, the district court was not obligated to rule on appellant's motion, prior to ruling on defendant's exceptions. See La. C.C.P. art. 929. In Richardson v. Reeves, 600 So.2d 138 (La.App. 2nd Cir. 1992), the second circuit found that the "trial court was not obligated to rule on plaintiff's motion for leave to amend, prior to ruling on defendants' motions for summary judgment." Richardson, 600 So.2d at 141. Although in the case before us defendants' sought dismissal of appellant's suit via several exceptions rather than by a motion for summary judgment and appellant sought to have the district court rule on several other pleadings in addition to his motions to amend, we find the cases similar in that both courts failed to rule upon pleadings that allegedly would have removed the grounds for defendants' exceptions.
Finding no rule in the Code of Civil Procedure requiring that the district court rule upon appellant's outstanding motions prior to granting the defendants' exceptions, we agree with the ruling of the second circuit and reject appellant's third assignment of error.
As to the alternative basis for appellant's third assignment of error, he cites Bordelon v. Louisiana Department of Corrections, 398 So.2d 1103 (La.1981), which was decided prior to the 1987 amendment to La. R.S. 13:713. Based on this case, applying the old version of La. R.S. 13:713, appellant argues that he was entitled to a de novo review by the district court of the objections raised in his traversal of the commissioner's recommendation. However, the current version of La. R.S. 13:713 no longer includes the requirement that the district court conduct a de novo review of the objections. Specifically, we refer to La. R.S. 13:713(C)(4), which states "[i]f exceptions are filed to the report within ten days, the judge may set them down for hearing and, at the most convenient time, may hear argument and decide the exceptions on the record as made before the commissioner."
In the judgment rendered by the district court, it explicitly stated that it considered the traversal filed by appellant in rendering its decision. Under the clear import of *454 La. R.S. 13:713(C)(4), the district court is not required to conduct a hearing, or de novo review, of the findings objected to in the traversal. Accordingly, we deem appellant's third assignment of error to lack merit and therefore reject the same.

Assessment of Strike
In appellant's fourth assignment of error, he argues that his claims are not frivolous and that he has a constitutional right to judicial review of the same. The assessment of a "strike" is in accordance with La. R.S. 15:1187. That statute restricts the right of a prisoner to bring a civil action or an appeal when it is shown that on three or more prior occasions, that prisoner's civil action or appeal has been dismissed as being frivolous, malicious, failing to state a cause of action, or failing to state a claim upon which relief may be granted. The district court dismissed appellant's petition because it failed to state a cause of action. Our review of the record reveals that this finding by the district court was not in error. We therefore conclude that the district court was correct in assessing a "strike" against appellant on the basis of this suit.

Request for Declaratory and Injunctive Relief
In his fifth assignment of error, appellant states that the district court was required to rule on his motion for declaratory and injunctive relief before deciding the merits of his suit. The record clearly reveals that this was done, said ruling namely being the November 5, 1998 judgment rendered by the district court. Although appellant subsequently filed another request for declaratory judgment on March 24, 1999, generally alleging that the disciplinary rules and procedures for adult offenders and Camp J Management program were unconstitutional, the district court was not obliged to rule on said motion since the relief requested was unrelated to that requested in appellant's petition for judicial review. Further, the bringing of the motion seeking declaratory relief of an unrelated matter clearly constitutes an abuse of process under Lightfoot. We reject this assignment of error.

Right to Review of Claims Other than ARP
In his final assignment of error, appellant contends that the district court was required to review not only the ARP designated in his petition, but also any other claims raised therein, citing La. R.S. 15:1177(A)(5). The district court did consider and rule on the other claims raised by appellant in his petition, albeit in a separate judgment from the one appealed, i.e. the November 5, 1998 judgment. Therefore, this assignment also lacks merit.

CONCLUSION
For the foregoing reasons, the judgment of the district court dismissing appellant's petition based on the exceptions raised is affirmed. Costs of this appeal are assessed to appellant, Billy Mac McCoy.
AFFIRMED.
NOTES
[1] Judge Richard J. Ganucheau, of the Orleans Parish Civil District Court, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] According to the "Second Step Response Form" dated February 6, 1998, appellant's ARP was "received, logged, and set aside until today because [appellant] had other requests pending in the system at the time it was received. [Appellant's] request was handled in this manner pursuant to Page 30 of the DISCIPLINARY RULES AND PROCEDURES FOR ADULT INMATES, FIRST EDITION 1993 which defines the Administrative Remedy Procedure ABUSE OF THE PROCEDURE." See LAC 22:I.325(F)(3): "If an offender submits multiple requests during the period of step one review of his first request, the first request will be accepted and handled. The others will be logged and set aside for handling at the unit head's discretion."
[3] See LAC 22:I.325(G).
[4] Although not expressly stated, from the record, it appears that the defendants' delay in filing their exceptions was due to a lack of service of the petition for judicial review. The lack of service, in turn, was the result of appellant's failure to properly file for in forma pauperis status until June 4, 1998.
[5] In the November 5, 1998 judgment, the trial court dismissed challenges raised by appellant alleging that CARPA violated the following state and federal constitutional provisions: (1) separation of powers; (2) equal protection; (3) due process; (4) access to courts; (5) Louisiana Constitution Article III, Section 12(A); and (6) 42 U.S.C. § 1983 et seq.
[6] According to LAC 22:I.325(F)(3): "If an offender submits multiple requests during the period of step one review of his first request, the first request will be accepted and handled. The others will be logged and set aside for handling at the unit head's discretion."
[7] 42 U.S.C. § 1997e(a) provides:

(a) Applicability of administrative remedies No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.