PATRICK WILLIAMS
v.
RICHARD STALDER, SHERIFF SID HEBERT, WARDEN ROBERTA BOUDREAUX, UNIVERSITY MEDICAL CENTER HOSPITAL MED. DEPARTMENT. SURGEON DOCTOR A. HILL AND UNKNOWN SURGICAL SURGEON.
No. 2008 CA 0075
Court of Appeals of Louisiana, First Circuit.
September 12, 2008.
PATRICK WILLIAMS, Plaintiff/Appellant, in proper person
L. BRUCE DODD, Counsel for Defendant/Appellee, RICHARD STALDER, et al.
Before: CARTER, C.J., WHIPPLE and DOWNING, JJ.
WHIPPLE, J.
This is an appeal by plaintiff, Patrick Williams, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (the DPSC), from a judgment of the Nineteenth Judicial District Court in East Baton Rouge Parish, dismissing his petition for judicial review of a grievance he filed with the DPSC pursuant to the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1171 et seq. In his grievance, plaintiff contended that he had received inadequate medical treatment for penile discharge and groin pain, complained about being examined by female medical personnel, and requested that he be seen by another specialist.[1]
Plaintiff's request for an administrative remedy was denied in both steps at the administrative level. In the first step response, the assistant warden of Health Services detailed plaintiff's complaints and the medical testing and treatment plaintiff had received and concluded that plaintiff's medical concerns had been appropriately addressed. The assistant warden of Health Services further concluded that plaintiff had failed to provide any evidence to support his allegation that the conduct of the doctor who treated him for his complaints of abdominal and groin pain was unprofessional and noted that his medical concerns were addressed by female medical personnel in accordance with accepted standards of care. In the second step response, the DPSC's Secretary's designee concluded that the first step response thoroughly addressed plaintiff's issues and that the care he received was "adequate, appropriate," and "ongoing." Accordingly, she determined that no administrative intervention was warranted.
Plaintiff then filed a petition for judicial review in the district court.[2] In his recommendation, the Commissioner recommended that the agency decision be affirmed and that plaintiff's request for judicial review be dismissed with prejudice. The district court rendered judgment in accordance with the Commissioner's recommendation and plaintiff now appeals.
Louisiana Revised Statute 15:1177(A)(9) sets forth the appropriate standard of judicial review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decision through CARP. Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative decision or findings are: (1) in violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) arbitrary, capricious or characterized by abuse of discretion; or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. LSA-R.S. 15:1177(A)(9); Lightfoot v. Stalder, XXXX-XXXX (La. App. 1st Cir. 6/22/01), 808 So. 2d 710, 715-716, writ denied, 2001-2295 (La. 8/30/02), 823 So. 2d 957.
On review of the district court's judgment in a suit for judicial review under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-451.
Based upon our review of the administrative record and pursuant to LSA-R.S. 15:1177(A)(9), we find no error in the district court's judgment concluding that the DPSC's decision was neither arbitrary, capricious, manifestly erroneous or in violation of plaintiff's constitutional or statutory rights and, thus, dismissing plaintiff's suit. In his recommendation, which we attach hereto as "Appendix A" and make a part hereof, the Commissioner specifically outlined plaintiff's medical complaints and treatment and concluded that plaintiff had failed to show that he had not received regular examinations and treatment for his complaints or that any examination by the medical staff was improper. Based upon our review of the record, we find that these conclusions are supported by the medical records contained in the administrative record.
After a thorough review of the record herein, we find no error of law or fact, no violation of plaintiff's constitutional rights in the administrative decision of the DPSC, nor any evidence that the DPSC was arbitrary or capricious in denying the relief requested by plaintiff. See LSA-R.S. 15:1177(A)(9)(a), (d), (e) & (f). Thus, in accordance with Uniform Rules Courts of Appeal, Rule 2-16.1(B), the judgment is affirmed. Costs of this appeal are assessed against plaintiff, Patrick Williams.
AFFIRMED.

Appendix A
PATRICK WILLIAMS * NO. 511,222  SECTION: 27
 * 19TH JUDICIAL DISTRICT COURT
vs.
 * PARISH OF EAST BATON ROUGE
 * STATE OF LOUISIANA
RICHARD STALDER, SECRETARY, ET AL

COMMISSIONER'S RECOMMENDATION
The petitioner filed the instant request for relief seeking judicial review of the final agency decision rendered under Administrative Remedy Procedure No. LSP-2003-0756. The petitioner complained about the medical treatment he received at his institution and as relief requested that he be examined by medical specialists outside his institution. The petitioner also complains that a private hospital failed to forward his medical records to the Department of Corrections upon entering the custody of the Department. Prior screening judgments issued in this matter dismissed three individual defendants who were not employees of the Department of Corrections and the petitioner's attempts to raise a delictual claim for damages in this Court. The Court ordered this matter proceed as a request for judicial review, and, pursuant to R.S. 15:1177 (A) 5, it is confined to the issues raised in the petitioner's initial request for relief filed at the agency level.
In the initial request for relief filed in this matter the petitioner complains about problems in the area of his groin and penis. The initial complaint is file stamped accepted April 7, 2003 by the defendants wherein he complains that he was initially seen by a female physician, was subsequently diagnosed with a prostate problem and complained about a prostate exam performed by his treating physician. The First Step Response form contained in the administrative record filed in this matter evidences the petitioner was seen and treated for abdominal pain relating to hemorrhoids from March 6, 2002 until August 8, 2002. The petitioner was treated with Celebrex for leg and back pain on September 9, 2002. The medical records contained in this administrative record filed in this matter evidence the petitioner made his first complaint regarding problems with his groin or penis on October 25, 2002 when he complained of difficulty urinating. The petitioner's contention that the medical staff at his institution failed to adequately respond to his complaints regarding his groin area since he was initially examined by Dr. D. Bobo on March 6, 2002 are not supported by the record as the petitioner made no complaint about his groin area prior to October 25, 2002. Furthermore the petitioner fails to show he received inadequate treatment simply because he was treated by a female physician.
The administrative record further indicates the petitioner was examined on November 7, 2002 for abdominal and groin pain when a rectal exam revealed an enlarged prostate. The petitioner was treated with medication and treatment was continued with examinations on January 10, 2003 and March 20, 2003. The petitioner fails to show that he has not received regular examinations and treatment for his complaints. The petitioner has also failed to show any examination conducted by the medical staff was improper or done without a valid medical basis. The petitioner fails to show he is entitled to administrative relief in this matter regarding the treatment he has received. This Commissioner notes that any complaints regarding treatment not raised in the initial request for, administrative relief are outside the scope of these proceedings.
Accordingly, it is the recommendation of this Commissioner that the final agency decision rendered in this matter be affirmed and the instant request for judicial review be dismissed with prejudice at the petitioner's cost.
Respectfully recommended this 2005.
NOTES
[1] Plaintiff also asserted that one doctor who had examined him had committed malpractice and had inappropriately examined him. Thus, he asserted that he was filing a "malpractice complaint" and sought to have that doctor's license suspended and to have him fired.
[2] In two screening judgments, the district court dismissed with prejudice plaintiff's claims against defendants not employed by the DPSC and dismissed without prejudice his delictual claims for damages raised in pleadings filed in the district court. Thus, this matter proceeded only on the request for judicial review of the denial of plaintiff's request for an administrative remedy.