DONALD JAMES
v.
RICHARD STALDER, WARDEN L. COOPER, ASST. WARDEN M. COOPER, DR. CRAWFORD, PEGGY TAYLOR DIR. NURSING
No. 2009 CA 0528.
Court of Appeals of Louisiana, First Circuit.
October 27, 2009.
Not Designated for Publication
DONALD JAMES, Plaintiff/Appellant In Proper Person.
DOUGLAS G. SWENSON, Assistant Attorney General, ROSE POLITO WOODEN, Counsel for Defendant/Appellee Louisiana Department of Public Safety and Corrections.
Before: DOWNING, GAIDRY and McCLENDON, JJ.
DOWNING, J.
This is an appeal by plaintiff, Donald James, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), from a judgment of the Nineteenth Judicial District Court in East Baton Rouge Parish, dismissing his petition for judicial review of a grievance he filed with the DPSC pursuant to the Corrections Administrative Remedy Procedure (CARP), LSA-R.S. 15:1177, et seq.[1] In his grievance, plaintiff contended that he received inadequate medical treatment for pain in his lower abdomen, testicle and groin areas. Later, in his petition for review, Mr. James added that he suffered serious side-effects from a prescribed medication. This second medication allegation was never heard at the administrative level. The trial court dismissed the judicial review, and Mr. James appealed. In his assignments of error Mr. James alleges that the district court misinterpreted LSA-R.S. 15:1177A(5) and dismissed his suit in error.
The record shows that Mr. James's problems were treated with two sets of antibiotics following his September 6, 2006 examination. The medical record shows that he had a follow-up examination on October 19, 2006, which revealed no visible swelling or redness in his complaint area. Between October 2006 and July 2007, Mr. James was examined and treated on numerous occasions with his testicular problems. His tests were sent to an outside laboratory facility in an effort to diagnose his alleged condition. On July 13, 2007, Mr. James complained of continued pain, and claimed that the prescribed antibiotics had not improved his condition.
The DPSC's Secretary's designee concluded that the first step response thoroughly addressed Mr. James's issues and that the care he received was appropriate under the circumstances.
Plaintiff then filed a petition for judicial review in the district court. In his memorandum for review, Mr. James added that he discovered that the medication he took for almost a year, "Elevel," (sic) was a drug commonly prescribed for psychological disorders, and not one prescribed to treat his physical complaint. There is no evidence in the record as to this allegation. The Commissioner recommended dismissal of this allegation without prejudice, on the basis that it exceeded the scope of LSA-R.S. 15:1177A(5), which is confined to the record.
We need not consider here whether additional claims can be added in a petition for review. LSA-R.S. 15:1177(A) requires that the review shall be limited to evidence in the record. There is nothing in the record to support the claims Mr. James wanted to include in his petition for review. Therefore, he has shown no possible entitlement to relief.
Regarding the claims which the Court did review, the Commissioner recommended that the agency decision to dismiss the appeal be affirmed and that the district court dismiss the judicial review with prejudice. The Commissioner commented that the record did not support a finding that Mr. James was denied medical treatment or that the treatment he received was indifferent to his needs. In fact, the record confirmed that the medical staff attempted to address his prostate and testicle concerns over an extended period of time; although the treatment may not have been successful, the record indicates that Mr. James received extensive medical treatment. The Commissioner determined that Mr. James failed to demonstrate that he was entitled to administrative relief in this matter. The district court rendered judgment in accordance with the Commissioner's recommendation; Mr. James appealed.
Louisiana Revised Statutes 15:1177(A)(9) sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing the DPSC's administrative decision through CARP. Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary, capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9); Lightfoot v. Stalder, 00-1120, p. 7 (La.App. 1 Cir. 6/22/01), 808 So.2d 710, 715-16.
On review of the district court's judgment on judicial review under LSA-R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 450-51.
Based upon our review of the administrative record and pursuant to LSA-R.S. 15:1177(A)(9), we find no error in the district court's judgment. Thus, in accordance with Uniform Rules  Courts of Appeal, Rule 2-16.1(B), the judgment is affirmed. Costs of this appeal are assessed against appellant Donald James.
AFFIRMED.
NOTES
[1] LSA-R.S. 15:1177A(5) provides: The review shall be conducted by the court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. In cases of alleged irregularities in procedure before the agency, proof thereon may be taken in court.