NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 CA 1512

TIMOTHY L. GRAY

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered:  JUL 2 3 2020

\* \* \* \* \* \*

On appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number C682670

Honorable Richard "Chip" Moore, Judge Presiding

\* \* \* \* \* \*

Timothy L. Gray                          Plaintiff/Appellant
Ruston, LA                               In Proper Person


Elizabeth B. Dessellee                   Counsel for Defendant/Appellee
Baton Rouge, LA                          Louisiana Department of Public
                                         Safety and Corrections


\* \* \* \* \* \*

BEFORE:  WHIPPLE, C.J., GUIDRY, AND BURRIS,[1] JJ.

---

[1] Judge William J. Burris, retired, serving *pro tempore* by special appointment of the Louisiana Supreme Court.

**GUIDRY, J.**

This is an appeal from a trial court judgment dismissing a prisoner's suit for judicial review.[2] For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

The plaintiff, Timothy L. Gray, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (DPSC), filed a petition for judicial review of the administrative decision rendered on his Disciplinary Board Appeal No. DWCC-2019-033.

On February 11, 2019, Mr. Gray was issued a disciplinary report for violating Rule No. 1 of the Disciplinary Rules and Procedures for Adult Offenders, Contraband.[3] Mr. Gray was found to be in possession of a piece of paper with cocaine on it.[4] Following a hearing, the Disciplinary Board found Mr. Gray guilty and sentenced him to forfeiture of 90 days good time and eight weeks loss of canteen privileges. Mr. Gray appealed the decision to the warden, who found the disciplinary report to be clear, concise, and providing convincing evidence of the rule violation as charged. Mr. Gray then appealed the decision to the Secretary of the DPSC, who denied his appeal.

On May 6, 2019, Mr. Gray filed a petition for judicial review. The Commissioner issued a recommendation and concluded that Mr. Gray was in violation of Rule No. 1, Contraband. The Commissioner further concluded that the DPSC's decision was not arbitrary, capricious, or in violation of Mr. Gray's rights and recommended that the appeal be dismissed. After a *de novo* review of the record, the trial court, on August 26, 2019, adopted the reasons of the

---

[2] Although DPSC was not actually named as a defendant in Mr. Gray's petition, in accordance with La. R.S. 15:1177(A)(1)(b), DPSC is the only proper defendant in an administrative appeal filed by a prisoner. Therefore, the Commissioner issued a service order, ordering service on the DPSC through defendant, James LeBlanc.

[3] See LAC 22:I:341(I).

[4] A Quick Response Cocaine Test was conducted.

2

Commissioner, affirmed the DPSC's decision, and dismissed Mr. Gray's appeal with prejudice. Mr. Gray then filed the instant appeal.

## DISCUSSION

Louisiana Revised Statutes 15:1177 sets forth the appropriate standard of review by the district court, which functions as an appellate court when reviewing DPSC's administrative decisions. Judicial review is mandated to be conducted by the trial court without a jury and must be confined to the record. La. R.S. 15:1177(A)(5). Specifically, the court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative findings are: (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9). On review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747, p.6 (La. App. 1st Cir. 9/22/00), 770 So. 2d 447, 450-451.

In this appeal, Mr. Gray contends that his due process rights were violated, and that the penalties imposed by the DPSC should be reversed.[5] Mr. Gray argues that he was not in possession of an illegal substance, was not screened for drugs,

---

[5] Mr. Gray also prays that he is compensated for lost wages and emotional suffering, and reassigned to his job site.

3

and that a full lab analysis was not performed on the substance found on the piece of paper.[6]

After reviewing the administrative record and considering Mr. Gray's arguments, the Commissioner noted, "Petitioner's argument during the disciplinary hearing contradicts his current contention. At the hearing, Petitioner stated that he picked up the piece of paper...thinking it was a number." The Commissioner further noted that by having cocaine under his immediate control, Mr. Gray had clearly violated Rule No. 1, Contraband.

After our review of the record herein, we find no error in the trial court's finding that Mr. Gray's suit for judicial review should be dismissed with prejudice under La. R.S. 15:1177(A)(9).[7] Based upon the information contained in the record, it is clear that Mr. Gray was in possession of a piece of paper found to be positive for cocaine. After a full hearing, the DPSC concluded that Mr. Gray had violated the Disciplinary Rules and Procedures for Adult Offenders. Mr. Gray's arguments lack merit.

## CONCLUSION

For the above and foregoing reasons, we affirm the August 26, 2019 judgment of the trial court that affirmed the decision of the Department of Public Safety and Corrections and dismissed Timothy L. Gray's suit with prejudice. All costs of this appeal are assessed against the plaintiff/appellant, Timothy L. Gray.

**AFFIRMED.**

---

[6] Although Mr. Gray raises issues concerning "contamination" and "chain of custody" in this appeal, those issues were not raised during the Administrative Remedy Procedure and cannot be raised for the first time on appeal in this court. Louisiana Revised Statutes 15:1177(A)(5) specifically limits judicial review of DPSC administrative decisions to "the issues presented in the petition for review and the administrative remedy request filed at the agency level."

[7] Any claims filed by Mr. Gray for injury or damages are also subject to dismissal in this judicial review; they must be filed separately as original civil actions. See La. R.S. 15:1177(C).

4