2CARTER, J.
This is an appeal by an inmate of the dismissal of his petition for judicial review. The inmate did not comply with the order of the Commissioner to select one of the six administrative remedy procedures for judicial review, and his suit was dismissed with prejudice.
FACTS AND PROCEDURAL HISTORY
Chad Lightfoot filed a suit styled as a “Class Action” seeking judicial review under LSA-R.S. 15:1177 of six administrative remedy procedure appeals. The suit was filed in Lightfoot’s name and “on behalf of all others.”
The substance of Lightfoot’s complaint challenged the constitutionality of Louisiana Department of Corrections Regulation B-05-004 and David Wade Correctional Center’s Posted Policy #32 Section 3. These provisions provide that all inmate counsel substitutes and all inmates wishing to assist other inmates with preparation of their legal writs and complaints must have at least 24 hours of training provided by the institution. Inmates not assigned as counsel substitutes may provide legal assistance to other inmates only with the prior approval of the warden; a written request to provide services by the inmate; and a signed statement by the inmate to whom the assistance is to be given.
A multitude of pleadings were filed by Lightfoot, including a request for a temporary restraining order and/or a preliminary injunction, which was denied for not being in the proper form. In light of the pleadings filed, the Commissioner issued an Order on July 21, 1997, ordering Lightfoot to designate within ten days which one of the six administrative remedy procedures he wanted the court to review.
On August 19, 1997, the Commissioner found Lightfoot did not comply with the July 21, 1997 order and recommended his petition be dismissed without prejudice. On September 16, 1997, the district court rendered judgment following the recommendation of the Commissioner except the trial court dismissed Lightfoot’s suit with prejudice. Lightfoot now appeals the dismissal of his lawsuit.
^DISCUSSION
Lightfoot contends there is no law against seeking judicial review of more than one administrative remedy procedure in the same lawsuit. We disagree.
LSA-R.S. 15:1177 provides for judicial review by any offender aggrieved by an adverse decision of the Department of Public Safety. LSA-R.S. 15:1177, et seq. has been recognized as the exclusive remedy available to inmates to preserve any cause of action or claim they may have against the State of Louisiana, the Department of Corrections or its employees. LSA-R.S. 15:1172; Blackwell v. Louisiana Department of Public Safety and Corrections, 96-0954, 96-0955, pp. 6-7 (La.App. 1st Cir.2/14/97); 690 So.2d 137, 141, writ denied, 97-1158 (La.9/5/97); 700 So.2d 507. The constitutionality of these statutes has been upheld. Blackwell v. Louisiana *555 Department of Public Safety and Corrections, 690 So.2d at 138.
Time delays are provided for an offender to seek judicial review of an adverse decision by the Department of Public Safety in LSA-R.S. 15:1177. Included in the procedure for judicial review is the timely transmission of the entire record of the proceeding under review to the reviewing court. LSA-R.S. 15:1177A(3). Allowing an offender to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court’s role by having several records transmitted for review. This would allow a multitude of cross referencing issues, facts and actions, which would not allow for orderly disposition of the suit.
In reviewing the action of the lower court, we note at no time was Lightfoot barred from seeking judicial review of all six of the decisions of which he complains. The Commissioner merely asserted he would have to select one decision for review under that particular suit number. Subject to any objections raised by the defendants, Lightfoot could seek judicial review of all six decisions of which he complains, but these requests for review must be brought in separate suits.
After reviewing the record, we find there was no error in dismissing Lightfoot’s suit; however, the dismissal should have been without prejudice for his failure to comply with the Commissioner’s order of July 21, 1997. The judgment of the trial court is ^amended to dismiss Lightfoot’s suit without prejudice, and as so amended, the judgment is affirmed.
AMENDED AND AFFIRMED.