PETTIGREW, J.
12In this case, petitioner, Thomas Goo-din, an inmate in the custody of the Department of Public Safety and Corrections (“DPSC”), filed a petition for judicial review pursuant to the Corrections Administrative Remedy Procedure (“CARP”), La. R.S. 15:1171, et seq., in the 19th Judicial District Court, seeking review of the denial of his appeals under Disciplinary Board Appeal Nos. WNC-2007-274, WNC-2007-275, WNC-2007-276, and WNC-2007-277.[1] The action was initially referred to a commissioner [2] for review pursuant to La. R.S. 15:1188, who found merit to petitioner’s claims. Following its de novo review of the record, the district court adopted the commissioner’s recommendation, signing a judgment on February 1, 2011, in accordance with its findings. Among other things, the February 1, 2011 judgment denied DPSC’s request to proceed with the appeal of only a single disciplinary conviction rather than the three that were considered, reversed petitioner’s disciplinary convictions under Disciplinary Board Appeal Nos. WNC-2007-274, WNC-2007-275, and WNC-2007-276, and reversed the penalties of the loss of good time imposed by DPSC in those three disciplinary matters. For the reasons that follow, we affirm in part, vacate in part, and remand with instructions.
FACTS AND PROCEDURAL HISTORY
In the commissioner’s recommendation, he summarizes the incidents leading up to petitioner’s disciplinary actions as follows:
According to the incident report charging the petitioner with his Contraband violation, the petitioner approached a corrections officer and told the officer he needed the officer to pass $200 to a person the officer [¡¡would meet outside the institution. The petitioner informed the officer there would be trouble if the officer declined. The $200 was confiscated as contraband by the officer contacted by the petitioner. The petitioner was informed he could face criminal charges in relation to that incident. The record indicates the petitioner’s Coercion violation arose out of the same incident as the contraband charge. The petitioner asked about the officer’s wife and told him he knew the officer’s home telephone number nine days prior to the incident. The incident report indicates the petitioner’s Defiance charge arose *1078 out of allegations that on October 2, 2007 the petitioner called the corrections officer at home and asked him if he had “seen the truck”.
Under WNC-2007-274, petitioner was convicted of violating Rule No. 1, contraband, resulting in a sentence of forfeiture of 180 days of good time and 10 days of detention. Petitioner was convicted of violating Rule No. 30H, coercion, under WNC-2007-275 and lost 180 days of good time in that matter. Under WNC-2007-276, petitioner was convicted of violating Rule No. 3, defiance. In that matter, petitioner lost 160 days of good time and was placed in detention for 10 days.
In his appeals below, petitioner argued that he should have been allowed outside counsel at his disciplinary hearing, that he should have been allowed to cross examine his accuser, and that he should have been given a written summary of the evidence against him and reasons for judgment. DPSC denied petitioner’s appeals on all charges, finding no reason to overturn the penalties imposed by the Disciplinary Board (“Board”). With regard to his request for outside counsel, Warden Tim Wilkinson advised petitioner that DPSC’s rules clearly state “the only time the inmate has a right to retain outside counsel is when the alleged violation is one for which the inmate could also be charged in a criminal court,” and because “[n]one of the offenses are chargeable in criminal court,” petitioner’s “rights were not violated in this instance.” Concerning the allegation that he was not allowed to confront his accuser, Warden Wilkinson noted as follows: “The only time you are allowed to face your accuser is when the information provided within the disciplinary report is based solely on information obtained from confidential informants. In this case, the information was first hand from the officers and Cl’s were not used.” Regarding the summary of evidence and reasons for judgment, Warden Wilkinson stated: ‘You received a copy of the ... completed disciplinary report. To ^present evidence such as the money or the Pringles cans w/ marijuana is detrimental to the security of the facility [and] therefore not present at the hearing.”
On December 23, 2010, the commissioner issued his recommendation that DPSC’s request to proceed with an appeal of only a single disciplinary conviction should be denied. The commissioner further found that DPSC did not abide by the applicable disciplinary rules and regulations regarding private counsel in disciplinary matters and that petitioner was not afforded due process at his disciplinary hearing. Thus, the commissioner recommended that petitioner’s convictions and the loss of good time imposed in the three disciplinary matters at issue be reversed. Following a de novo review of the record, the district court adopted the commissioner’s report as its reasons, maintained the decision by the commissioner, and reversed petitioner’s disciplinary convictions under WNC-2007-274, WNC-2007-275, and WNC-2007-276, as well as the loss of good time imposed in all three matters. It is from this judgment that DPSC has appealed, arguing in a single assignment of error that it was legal error for the district court to allow review of multiple administrative records within a single petition for judicial review.
LAW AND ANALYSIS
Enacted in 1985, CARP authorized DPSC to adopt and implement an administrative remedy procedure for receiving, hearing, and disposing of any and all inmate complaints and grievances. La. R.S. 15:1171 and 15:1172. Judicial review of an adverse decision by DPSC is provided for in La. R.S. 15:1177. On review of the agency’s decision, the district court functions as an appellate court. Owens v. *1079 Stalder, 2006-1120, p. 4 (La.App. 1 Cir. 6/8/07), 965 So.2d 886, 888. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level. La. R.S. 15:1177(A)(5). The court may affirm the decision of the agency or remand the case for further proceedings, or order that additional evidence be taken. La. R.S. 15:1177(A)(8). The court may reverse or modify the administrative decision only if substantial rights of the appellant have been prejudiced because the administrative Ififindings, inferences, conclusions, or decisions are (1) in violation of constitutional or statutory provisions, (2) in excess of the statutory authority of the agency, (3) made upon unlawful procedure, (4) affected by other error of law, (5) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion, or (6) manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. La. R.S. 15:1177(A)(9).
On review of the district court’s judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy v. Stalder, 99-1747, p. 6 (La.App. 1 Cir. 9/22/00), 770 So.2d 447, 450-451.
Citing this court’s decision in Lightfoot v. Stalder, 97-2626 (La.App. 1 Cir. 12/28/98), 727 So.2d 553, DPSC asserts on appeal that the district court “committed a clear error of law in allowing the review of [four] separate and distinct disciplinary reports within a single petition for judicial review.” DPSC argues that at no time has this court “ever suggested that an inmate could seek l’eview of multiple administrative records within a single lawsuit for any reason.” Rather, DPSC maintains that this court “has clearly stated that a petitioner (as in this case) remains free to seek judicial review of each administrative record; however, each decision must be reviewed in a separate suit.” Lightfoot, 97-2626 at 3, 727 So.2d at 555.
In Lightfoot, this court affirmed the judgment of the district court dismissing the prisoner’s suit for his failure to designate which of six administrative remedy procedures he wanted the court to review in that particular suit. In affirming the judgment, this court stated:
Allowing an offender to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court’s role by having several records transmitted for review. This would allow a multitude of cross referencing issues, facts and actions, which would not allow for orderly disposition of the suit.
Lightfoot, 97-2626 at 3, 727 So.2d at 555.
| ^According to the record below, the commissioner had previously denied DPSC’s request to sever petitioner’s disciplinary convictions for purposes of judicial review. DPSC raised a request for reconsideration of said ruling. In recommending that DPSC’s request for reconsideration be denied, the commissioner noted that petitioner was convicted of the three offenses at issue in a single disciplinary hearing, filed an appeal of all three convictions raising the same issues relative to all three convictions, and received a denial of appeal by DPSC in each case entered all on the same day, February 29, 2008. In attempt to distinguish Lightfoot from this case, the commissioner concluded that “any concerns regarding appeals of unrelated multiple disciplinary matters and the possible confusion that could arise when a *1080 single appeal is sought on multiple final agency decisions rendered on different dates is not at issue in this matter.” Thus, the commissioner found that based on the facts of this case, Lightfoot was distinguishable.
We disagree. While we acknowledge that in this case DPSC did in fact conduct a single disciplinary hearing in conjunction with petitioner’s multiple disciplinary violations, the fact remains that petitioner was charged separately with three rule violations stemming from three different incidents. The district court’s decision to allow review of multiple disciplinary board appeals in a single petition for judicial review was clear error and in direct contravention of our holding in Lightfoot. Petitioner should have sought review of each disciplinary board appeal separately. However, our analysis does not end here.
The commissioner found, and the district court agreed, that DPSC had not followed its own disciplinary rules and regulations regarding petitioner’s right to counsel during the disciplinary proceedings below. The commissioner summarized this issue as follows:
The Disciplinary Rules of [DPSC] provide that an inmate has a right to outside, retained counsel only when the alleged violation is one for which the inmate could also be charged in a criminal court. The petitioner was informed on the face of his incident report for the contraband charge that he faced possible street charges. The record filed in this matter indicates the petitioner submitted a written request to have private counsel appear at his disciplinary hearing and his request was denied. In 17the appeal filed by retained counsel, the attorney contends she attempted to attend the disciplinary hearing, but the date was moved up and she was not allowed to attend the disciplinary hearing. The petitioner contends his due process rights were prejudiced because he relied on counsel to contact witnesses and present his defense at his disciplinary hearing.
This Commissioner notes that the regulations of [DPSC] do permit an inmate, who is facing possible criminal charges arising out of a disciplinary incident, to retain private counsel to represent him at a disciplinary hearing. In this matter the petitioner’s disciplinary charges arose out of a scheme to introduce contraband into a penal institution. The disciplinary record indicates that marijuana was discovered in potato chip canisters picked up by the reporting officer. The record does not reveal any details regarding where the canisters were obtained or the location of the canisters when the marijuana was discovered. The record indicates that the petitioner was subject to criminal charges in this matter, that [DPSC] was notified he retained private counsel and that counsel was not allowed to participate in the disciplinary proceedings. The record supports the finding that [DPSC] did not follow their own disciplinary rules and regulations in this matter.
This Commissioner recognized that all inmates who face disciplinary charges do not have a right to counsel and that due process does not require that an inmate be allowed to retain outside counsel in every disciplinary hearing where he is subject to a loss of good time. However, in this particular case this Commissioner finds the petitioner’s due process rights were prejudiced when his attorney was not allowed to appear at his disciplinary hearing.
We agree with the commissioner’s analysis concerning petitioner’s right to counsel at his disciplinary hearing. According to the disciplinary report from the October 1, 2007 incident wherein petitioner was *1081 charged with the contraband violation, petitioner was “informed of possible street charges.” At the October 18, 2010 hearing before the commissioner, the attorney for DPSC acknowledged that their policies do permit an inmate to retain outside counsel if he is subject to criminal charges. However, he argued that the policy was merely “misinterpreted” by the warden and that it was basically harmless error for petitioner’s disciplinary hearing to proceed without his attorney present. DPSC counsel stated as follows:
[T]he first report that was included that dealt with the cash that was handed over and that [petitioner] was convicted of, our policy does state ... that if it’s a matter for which charges could be brought, then the defendant is allowed to have outside counsel present, if outside counsel so chooses to be.
The response was not entirely correct on that where they — it was interpreted by the warden as saying, well, charges weren’t brought. Charges certainly could have been brought because ... possession of cash |sor currency within a correctional facility is certainly contraband under the law....
I think the question for this court would be, sitting as an appellate court, is whether ... a mistake made in that area would have changed the ultimate outcome and whether that’s something that would be significant enough to be reversible error....
[T]he question for this court is whether it would have made any difference. And with the evidence there, he was convicted.... And I don’t think that [petitioner] can argue that having a lawyer there would have made any difference and that that constitutes reversible error, or whatever the terminology would be, but an abuse of discretion by [DPSC] that would allow him to have this decision overturned by this court.
And again, the only question for this court would be whether ... it would have made any difference on the basis of the evidence that was submitted just having a lawyer present, just because we misinterpreted the policy. I mean, it’s as simple as that. I don’t disagree with him that the policy says he should have been able to have one.
We find the argument by DPSC’s counsel to be unpersuasive. It is clear from the record that petitioner faced possible criminal charges for the contraband rule violation. The fact that he was never criminally charged is of no moment to the issue of whether he was entitled to retain outside counsel for the disciplinary hearing concerning same. Counsel for DPSC even admitted as much. Based on the facts and circumstances of this case, petitioner’s due process rights were prejudiced. Petitioner should have been allowed to retain private counsel for his hearing. Thus, the remaining portion of the February 1, 2011 judgment is vacated, and the matter is remanded to the district court with instructions that, pursuant to La. R.S. 15:1177(A)(8), the district court vacate the disciplinary penalties imposed on petitioner in WNC-2007-274, WNC-2007-275, and WNC-2007-276, and remand the matter to the Board for a new hearing on petitioner’s disciplinary violations in WNC-2007-274, WNC-2007-275, and WNC-2007-276, at which time petitioner shall be allowed the opportunity to retain private counsel should he so desire.[3]
| .CONCLUSION
For the above and foregoing reasons, we affirm that portion of the February 1, 2011 *1082 judgment that dismissed petitioner’s request for judicial review of Disciplinary Board Appeal No. WNC-2007-277 based on the finding that petitioner suffered no prejudice to a substantial right. We vacate the remainder of the February 1, 2011 judgment and remand the matter to the district court with instructions that, pursuant to La. R.S. 15:1177(A)(8), the district court vacate the disciplinary penalties imposed on petitioner in WNC-2007-274, WNC-2007-275, and WNC-2007-276, and remand the matter to the Board for a new hearing on petitioner’s disciplinary violations in WNC-2007-274, WNC-2007-275, and WNC-2007-276, at which time petitioner shall be allowed the opportunity to retain private counsel should he so desii*e. Appeal costs in the amount of $801.50 are assessed equally between petitioner, Thomas Goodin, and the Department of Public Safety and Corrections.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.
WELCH, J., concurs in result.
McCLENDON, J., concurs and assigns reasons.

. We note, as did the commissioner and the district court below, that under Disciplinary Board Appeal No. WNC-2007-277, petitioner lost no good time as a result of the penalties imposed. Pursuant to La. R.S. 15:1177(A)(9), the reviewing court can only consider claims where a substantial right has been prejudiced. Thus, we affirm that portion of the district court’s February 1, 2011 judgment that dismissed petitioner’s request for judicial review of WNC-2007-277 based on a finding that petitioner suffered no prejudice to a substantial right. Accordingly, the report will focus on the remaining three disciplinary appeals filed by petitioner.

. The offices of commissioner of the 19th Judicial District Court were created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The district judge "may accept, reject, or modify in whole or in part the findings or recommendations made by the commissioner and also may receive further evidence or recommit the matter to the commissioner with instructions.” La. R.S. 13:713(0(5).

. Pursuant to La.Code Civ. P. art. 2164, an appellate court can render any judgment that is just, legal, and proper upon the record on appeal.