NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 1268

DEXTER D. HOLDER #452102

VERSUS

SECRETARY LEBLANC; LAURA ALLEN, RN;
DR. MACMURDO; DUSTIN HIGGINBOTHAM, RN;
SGT. SHANNIKA ROBINSON;
SGT. JOANNE MATTHEW; AND CAPTAIN ANDREW QUPID

Decision Rendered: **MAY 1 1 2020**

* * * * * * *

APPEALED FROM THE
19th JUDICIAL DISTRICT COURT
EAST BATON ROUGE PARISH, LOUISIANA
DOCKET NUMBER C680238, DIVISION SECTION 24

HONORABLE MICHAEL CALDWELL, JUDGE

* * * * * * *

Dexter D. Holder                          Plaintiff/Appellant
Jackson, Louisiana                        Pro Se

Jonathan R. Vining                        Attorney for Defendant/Appellee
Baton Rouge, Louisiana                    Louisiana Department of Public
                                          Safety and Corrections

BEFORE: McDONALD, THERIOT, and CHUTZ, JJ.

**McDONALD, J.**

An inmate appeals a judgment dismissing his petition for judicial review, without service and without prejudice, because the petition challenges multiple adverse administrative remedy procedures in a single petition. We reverse and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY[1]

In December 2017, Dexter Holder arrived at Dixon Correctional Institute (DCI) in Jackson, Louisiana, to serve or continue to serve a prison term to which he had previously been sentenced. Due to preexisting medical and mental health diagnoses, Mr. Holder was initially placed on temporary, restricted duty status. On February 1, 2018, Mr. Holder reported to the DCI clinic with what he claimed were emergency medical complaints. Registered Nurse Laura Allen assessed Mr. Holder and found no acute findings. Dr. Macmurdo then reviewed Mr. Holder's medical chart, discontinued his restricted duty status, and reassigned him to permanent, regular duty status. Mr. Holder then filed an administrative remedy procedure (ARP) claiming RN Allen mistreated him, asking that he be seen by a DCI doctor, and also asking that he be transferred to another facility. DCI officials numbered Mr. Holder's ARP as #DCI-2018-88. On February 6, 2018, Dr. Macmurdo saw Mr. Holder at the DCI clinic and prescribed him medications for musculoskeletal pain. Dr. Macmurdo also submitted a referral for Mr. Holder to see a general surgeon. Despite Mr. Holder's objection, Dr. Macmurdo maintained his permanent, regular duty status.

On March 14, 2018, Mr. Holder filed an unrelated ARP asking, inter alia, to review cameras and sound devices, that a nurse identified as Justin Blades be "released," and that DCI transfer him to one of two other facilities. DCI officials numbered Mr. Holder's second ARP as #DCI-2018-294.

Both of Mr. Holder's ARPs proceeded through administrative review and both were denied. In March 2019, Mr. Holder filed the instant pro se petition for judicial review in the 19th Judicial District Court, seeking review of ARP #DCI-2018-88 and ARP

---

[1] The factual and procedural history is taken from Mr. Holder's filings in the 19th Judicial District Court and Dixon Correctional Institute administrative documents, all of which are in the appellate record.

2

#DCI-2018-294. Among others, Mr. Holder named Secretary LeBlanc, et al., RN Laura Allen, and Dr. Macmurdo as defendants.[2] After screening the petition, a 19th JDC Commissioner issued a Multiple Claims Order, noting that an inmate is only entitled to seek judicial review of a single administrative record in any single lawsuit, and ordering Mr. Holder to identify which one of the two challenged ARPs he wanted the district court to review. Mr. Holder filed a response about two weeks later. The Commissioner thereafter issued a screening report recommending that Mr. Holder's petition be dismissed without prejudice.

On July 7, 2019, the district court signed a screening judgment, adopting the Commissioner's recommendation and pertinently stating:

> *IT IS ORDERED, ADJUDGED AND DECREED* that this appeal be dismissed, in accordance with R.S. 15:1177 and *Lightfoot v. Stalder*, 97-2626 (La. App. 1 Cir. 12/28/98), 727 So.2d 553[,] without prejudice, without service on the Department [of Public Safety and Corrections] and at Petitioner's costs *because Petitioner requested review with this Court of multiple final agency decisions and failed to designate a single decision for review in this suit.* (Emphasis added.)

Mr. Holder appeals the district court's screening judgment.

## DISCUSSION

An offender aggrieved by an adverse decision of the Department of Public Safety and Corrections rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th JDC. *See* La. R.S. 15:1177A. On review of the agency decision, the district court functions as an appellate court. *Brown v. La. DPSC*, 15-1958 (La. App. 1 Cir. 9/19/16), 277 So.3d 326, 329. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the ARP request filed at the agency level. La. R.S. 15:1177A(5). On review of the district court's judgment under La. R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions. *Williams v. La. DPSC*, 18-0268 (La. App. 1 Cir. 9/21/18), 257 So.3d 690, 692-93.

---

[2] The other defendants Mr. Holder names in his petition are apparently prison officials he claims also wronged him. Other than RN Allen, Dr. Macmurdo, and a nurse identified as Justin Blades, who are named in ARP #s DCI 2018-88 and DCI 2018-294, we are unable to discern whether Mr. Holder has named these additional defendants in specific ARPs. We also note that, although the petition herein names defendants as shown in the suit caption, the only proper party defendant is the Louisiana Department of Public Safety and Corrections. *See* La. R.S. 15:1177A(1)(b); *Black v. Heyse*, 13-0652 (La. App. 1 Cir. 5/19/14), 2014 WL 3534013 *1, n.1.

We first note that the Commissioner properly ordered Mr. Holder to designate which one of the two challenged ARPs he wanted the district court to review. *Accord Turner v. La. DPSC,* 15-0026 (La. App. 1 Cir. 9/18/15), 2015 WL 5515269 *2 and *Mahogany v. Stalder,* 08-0517 (La. App. 1 Cir. 9/23/08), 2008 WL 4332333 *1. Further, in *Lightfoot v. Stalder,* 97-2626 (La. App. 1 Cir. 12/28/98), 727 So.2d 553, this Court affirmed the dismissal of an inmate's petition for judicial review, because he failed to comply with a commissioner's order to select one of six ARPs for judicial review. The *Lightfoot* court explained that allowing an inmate to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court's role on review. *Id.* at 555. The 19th JDC and this Court have routinely followed *Lightfoot* by similarly requiring inmates to limit petitions for judicial review to a single ARP. *For example, see Fields v. La. DPSC,* 16-0762 (La. App. 1 Cir. 2/17/17), 2017 WL 915326 *2; *Coleman v. Ranatza,* 15-0759 (La. App. 1 Cir. 4/15/16), 2016 WL 1535412 *4; *Hawkins v. La. DPSC,* 13-1309 (La. App. 1 Cir. 5/22/14), 2014 WL 2168746 *3; *Orange v. LeBlanc,* 11-1084 (La. App. 1 Cir. 12/21/11), 2011 WL 6776840 *1; and, *Goodin v. Secretary, Dept. of Corrections,* 11-0673 (La. App. 1 Cir. 11/9/11), 79 So.3d 1076, 1080.

After a de novo review, however, we conclude the district court in this case erred in finding that Mr. Holder failed to designate a single ARP for decision in his petition for judicial review. On March 20, 2019, the Commissioner issued the Multiple Claims Order ordering Mr. Holder to identify which ARP he wanted the district court to review. On April 4, 2019, Mr. Holder filed a response, in which he objected to the Court's limitation of his lawsuit, but stated:

> [T]he petitioner will [prefer] that the courts shall file the administrative procedure identified under DCI-2018-88, DCI-2018-294, **which ever ARP # that the RN Ms. Laura Allen, and the Doctor Macmurdo, is alleged in ... .**"(Emphasis added.)

Although inartfully drafted, Mr. Holder's above statement does reasonably identify ARP #DCI-2018-88 as the ARP he wants the district court to review. The statement specifies that he wants to pursue whichever ARP involves his claims against

4

RN Allen and Dr. Macmurdo. ARP #DCI-2018-88 is the ARP wherein Mr. Holder claims RN Allen mistreated him and wherein the record shows he argued with Dr. Macmurdo regarding his duty status. On the other hand, ARP #DCI-2018-294 does not involve claims by Mr. Holder against either RN Allen or Dr. Macmurdo. Rather, it involves unrelated issues and persons. Thus, we find Mr. Holder did comply with the Commissioner's order to designate which ARP he wanted the district court to review, and the district court erred in dismissing his appeal. We reverse the screening judgment and remand this matter for the district court's consideration of ARP #DCI-2018-88.

## CONCLUSION

For the above reasons, we reverse the July 7, 2019 judgment dismissing Dexter Holder's petition for judicial review. We remand this matter for further proceedings consistent with this opinion. We assess no appeal costs in this pauper suit.

**REVERSED AND REMANDED.**