NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

2019 CA 1631

ROBERT L. COX

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

Judgment rendered: **AUG 0 3 2020**

* * * * *

On Appeal from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. C678253, Sec. 26

The Honorable Richard Moore, Judge Presiding

* * * * *

Robert L. Cox
Riverbend Detention Center
Lake Providence, Louisiana

In Proper Person

Jonathon Vining
Baton Rouge, Louisiana

Attorney for Defendant/Appellee
Louisiana Department of Public
Safety and Corrections

* * * * *

BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.

**HOLDRIDGE, J.**

In this appeal, an inmate in the custody of the Department of Public Safety and Corrections (the Department) and incarcerated at Riverbend Detention Center challenges a judgment dismissing his petition for judicial review, without service and without prejudice, because the petition challenges multiple adverse administrative remedy procedures in a single petition. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

The plaintiff, Robert L. Cox, is an inmate sentenced to the custody of the Department. On October 4, 2018, he was charged with two separate offenses stemming from an incident involving an attack on a guard by another inmate. Specifically, the plaintiff was charged with and convicted of violating Rule #3 (Defiance) and Rule #22 (Theft).

Thereafter, the plaintiff filed two Administrative Remedy Procedure (ARP) complaints, No. DCI-2018-383 and No. DCI-2018-384, seeking review in accordance with La. R.S. 15:1171, *et seq*. Both of his ARPs proceeded through administrative review and both were denied. On December 10, 2018, the plaintiff filed a *pro se* petition for judicial review of ARP #DCI-2018-383 and ARP #DCI-2018-384 with the 19th Judicial District Court, and it was assigned to a commissioner for evaluation and to make a recommendation to the district court.[1] On February 8, 2019, after screening the petition, the commissioner issued a Multiple Claims Order, noting that an inmate is only entitled to seek judicial review of a single administrative record in any single lawsuit, and ordering the plaintiff to identify which one of the two challenged ARPs he wanted the district

---

[1] The office of commissioner of the 19th Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. La. R.S. 13:713(A). The commissioner's written findings and recommendations are submitted to a district court judge, who may accept, reject, or modify them. La. R.S. 13:713(C)(5); **Abbott v. LeBlanc**, 12-1476 (La. App. 1 Cir. 3/25/13), 115 So.3d 504, 505 n.1.

2

court to review. The plaintiff filed a response on April 29, 2019. The commissioner later issued a screening report on July 30, 2019, recommending that the petition be dismissed without prejudice because, although he responded, the plaintiff failed to comply with the order and notify the court which ARP he sought judicial review of. On August 26, 2019, after a *de novo* review of the record, the district court signed a screening judgment that adopted the written recommendation of the commissioner and dismissed the plaintiff's appeal without prejudice and without service on the Department. From this judgment, the plaintiff appeals.

## STANDARD OF REVIEW

An offender aggrieved by an adverse decision of the Department of Public Safety and Corrections rendered pursuant to any administrative remedy procedures may seek judicial review of the decision in the 19th JDC. See La. R.S. 15:1177A. On review of the agency decision, the district court functions as an appellate court. **Holder v. LeBlanc**, 2019-1268 (La. App. 1 Cir. 5/11/20), 2020 WL 2315589, at *2. Its review shall be confined to the record and shall be limited to the issues presented in the petition for review and the ARP request filed at the agency level. La. R.S. 15:1177A(5). On review of the district court's judgment under La. R.S. 15:1177, an appellate court owes no deference to the district court's factual findings or legal conclusions. **Holder**, at *2.

## DISCUSSION

First, we find that the commissioner properly ordered the plaintiff to designate which one of the two challenged ARPs he wanted the district court to review, in accordance with **Lightfoot v. Stalder**, 97-2626 (La. App. 1 Cir. 12/28/98), 727 So.2d 553. In that case, this court affirmed the dismissal of an inmate's petition for judicial review because he failed to comply with a

3

commissioner's order to select one of six ARPs for judicial review. This court explained that allowing an inmate to request review of more than one adverse decision in the same petition would call into question timeliness issues and unnecessarily complicate the reviewing court's role on review. *Id*. at 555. The 19th JDC and this court have routinely followed **Lightfoot** by similarly requiring inmates to limit petitions for judicial review to a single ARP. See **Holder**, at *2, and cases cited therein.

After a *de novo* review in this case, we conclude the district court correctly found that the plaintiff failed to designate a single ARP for decision in his petition for judicial review. *Cf.* **Holder**, at *2-3. On February 8, 2019, the commissioner issued a Multiple Claims Order ordering the plaintiff to identify which ARP he wanted the district court to review. On April 29, 2019, the plaintiff filed a response, arguing he should not be required to comply with **Lightfoot** because his case is significantly different. The plaintiff asserted his case involves the denial of a single appeal seeking review of the disciplinary board's decision following only one hearing that was held on two disciplinary reports that arose from the same incident.

While we acknowledge that, in this case, the Department conducted a single hearing to address both of the plaintiff's disciplinary violations, the fact remains that the plaintiff was charged separately with two distinct rule violations stemming from two different actions the plaintiff took following an attack on a guard. The plaintiff overlooks the fact that he filed two separate ARPs from the two separate disciplinary actions that were taken against him. Under **Lightfoot**, the plaintiff was entitled to judicial review of only one ARP in one lawsuit. As such, he was required to file a separate appeal of each ARP he sought to challenge.

4

## CONCLUSION

After a review of the record, we find no error in the district court's judgment dismissing the plaintiff's claim, without prejudice and without service on the Department. Accordingly, the August 26, 2019 judgment of the district court is affirmed. No costs are assessed in this pauper suit.

**AFFIRMED.**