NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0958

CHH

ROBERT COLLINS

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:*     APR 1 6 2021

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C669861

The Honorable Timothy E. Kelley, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Robert Collins<br>Jackson, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public Safety<br>and Corrections |

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

Robert Collins appeals the Nineteenth Judicial District Court's judgment rendered on May 26, 2020. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Robert Collins ("Appellant") is an inmate at Dixon Correctional Institute in Jackson, Louisiana. On May 30, 2018, Appellant filed a petition for judicial review of Administrative Remedy Procedure ("ARP") No. HDQ-2017-1572.[1] He named James LeBlanc and Louisiana Department of Public Safety & Corrections ("DPSC") as defendants. In his petition for judicial review, Appellant alleged that he was entitled to 360 days of Certified Treatment and Rehabilitation Program ("CTRP") credits. In addition to 360 days of CTRP credits, Appellant also sought $5,000.00 plus court costs and any fees.

According to the record, Appellant previously filed a step one grievance on July 31, 2017, alleging that he was owed 360 days of diminution of sentence. On September 8, 2017, Appellant filed a step two grievance, alleging that he had not received a response to his step one grievance and now seeking 195 days of diminution of sentence. Appellant's request was denied. The second step response form to ARP No. HDQ-2017-1572 states that "[o]ffenders must be eligible to earn good time, diminution of sentence or qualify pursuant to La. R.S. 15:571.3(E) in order to be approved to earn CTRP credits. Act 1209 does not qualify for CTRP credit as stated in [La. R.S.] 15:571.3 and [La. R.S.] 15:828." (Internal quotation marks omitted.)

---

[1] Appellant's petition for judicial review also sought review of ARP No. HDQ-2018-0272. However, the documents filed in response to Appellant's petition only reference ARP No. HDQ-2017-1572. Regardless, inmates may only seek judicial review of one administrative remedy procedure per lawsuit or petition. See Lightfoot v. Stalder, 97-2626 (La. App. 1 Cir. 12/28/98); 727 So.2d 553, 554-55.

On July 2, 2018, after Appellant filed the instant petition for judicial review, the Commissioner[2] of the 19th JDC ordered that a copy of the petition be served upon LeBlanc. LeBlanc answered the petition on August 7, 2018, asserting that Appellant had been convicted of pornography involving juveniles, which falls under "Act 1209."[3] Accordingly, LeBlanc stated that Appellant is not eligible to earn diminution of his sentence, including CTRP credits.

On March 6, 2020, the Commissioner issued a report in which she recommended that Appellant's suit be dismissed with prejudice and that all outstanding motions filed by Appellant in the pending lawsuit be dismissed. The Commissioner first noted that, per La. R.S. 15:1177(C) and *Pope v. State*, 1999-2559 (La. 6/29/01); 792 So.2d 713, relief in the form of an award of monetary damages is not available via the petition for judicial review process. Regarding Appellant's request for CTRP credits, the Commissioner reviewed the applicable statutes and concluded that "only offenders who are eligible to earn good time for good behavior may also earn additional CTRP credits towards a good time release date." The Commissioner further stated that, pursuant to La. R.S. 15:537 (referred to in the report as Act 1209), Appellant is not eligible for diminution of sentence for good behavior because his underlying offense was a sex offense.

Accordingly, on May 26, 2020, the 19th JDC signed a judgment affirming DPSC's decision in ARP No. HDQ-2017-1572 and dismissing Appellant's appeal, with prejudice, at Appellant's cost. The 19th JDC adopted the Commissioner's Report as reasons. The May 26, 2020 judgment also dismissed all subsequent motions filed by Appellant into the record, as they are beyond the scope of the 19th JDC's judicial review. This appeal followed.

---

[2] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04); 897 So.2d 112, 113 n. 1.

[3] Act 1209 is also known as La. R.S. 15:537, which states in pertinent part, "If a person is convicted of or pleads guilty to . . . [La.] R.S. 14:81.1 (pornography involving juveniles) . . . the person shall not be eligible for diminution of sentence for good behavior."

## ASSIGNMENTS OF ERROR

Appellant assigns the following as error:

(1) The trial court misinterpreted La. R.S. 15:537 (Act 1209) and La. R.S. 15:571.3.

(2) The trial court misinterpreted La. R.S. 15:571.3(E) and La. R.S. 15:828(C).

(3) The trial court confused the terms "good behavior" and "good time."

## STANDARD OF REVIEW

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Greenhouse v. Louisiana Department of Public Safety and Corrections*, 2017-0316 (La. App. 1 Cir. 11/1/17); 2017 WL 4946864, at *2 (unpublished), *writ denied*, 2017-2122 (La. 1/8/19); 259 So.3d 1021.

## DISCUSSION

After considering the entire record of the proceedings, the 19th JDC adopted the Commissioner's recommendation and signed a judgment on May 26, 2020 affirming DPSC's decision regarding ARP No. HDQ-2017-1572, dismissing Appellant's appeal with prejudice, and dismissing all subsequent motions filed by Appellant into the record as they are beyond the scope of the trial court's judicial review. After a thorough review of the record of the instant appeal, we find no error in the judgment of the 19th JDC and find that the Commissioner's recommendation, which the district court adopted as its own, adequately explains the decision. Thus, we affirm the 19th JDC's judgment in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), (8), and (10).

4

**DECREE**

For the above and foregoing reasons, the May 26, 2020 judgment of the Nineteenth Judicial District Court is affirmed. Costs of the appeal are assessed to Appellant, Robert Collins.

**AFFIRMED.**