JgFOGG, J.
By this appeal, an inmate challenges a district court judgment dismissing his suit for judicial review of an adverse decision of the Department of Public Safety and Corrections (DPSC) on a disciplinary report. We vacate and remand.
On May 27, 1997, a disciplinary report was written against Lionel C. Hills, an inmate at the Louisiana State Penitentiary, alleging he violated a disciplinary rule prohibiting contraband. The report indicated that Hills tested positive for THC, the substance commonly found in marijuana, during a random drug screening administered by corrections officials on May 19, 1997. Hills pleaded not guilty, but was found guilty as charged and sentenced to a custody change to extended lockdown and to a payment of restitution in the sum of $2.50. The following week, he filed a request for administrative remedy, which was denied by the DPSC.
On December 11, 1997, Hills filed the instant action in the Nineteenth Judicial District Court, contending he was denied due process of law because he was not permitted to introduce evidence, face his accuser, or call witnesses in his defense at the disciplinary hearing. On July 14,1999, the trial court adopted the recommendation of the commissioner and entered judgment dismissing Hills’ action with prejudice. He now appeals.
The record shows that Hills appeared before the Disciplinary Board on May 28, 1997. The “Summary of Motions Presented During Disciplinary Hearing” indicates that Hills moved only to face his accuser, which was denied. Hills maintains, contrary to the summary, that he also made oral motions to introduce evidence, call witnesses and dismiss the disciplinary report for bias reasons, all of which were denied by the Board without explanation.
LSA-R.S. 15:1171(B) provides that the DPSC may adopt, in | ^accordance with the Administrative Procedure Act (APA), LSA-R.S. 49:950 et seq., “administrative remedy procedures for receiving, hearing, and disposing of any and all complaints and grievances by adult or juvenile offenders .... ” The APA contains elaborate procedural requirements which must be followed by administrative agencies engaged in rule-making. LSA-R.S. 49:954 states that no rule shall be effective, nor may it be enforced, unless it was adopted in substantial compliance with the provisions of the APA. The APA defines the term “rule” in LSA-R.S. 49:951(6) to mean:
[E]ach agency statement, guide, or requirement for conduct or action, exclusive of those regulating only the internal management of the agency and those purporting to adopt, increase, or decrease any fees imposed on the affairs, actions, or persons regulated by the agency, which has general applicability and the effect of implementing or interpreting substantive law or policy, or which prescribes the procedure or practice requirements of the agency. “Rule” includes, but is not limited to, any provision for fines, prices or penalties, the attainment or loss of preferential status, and the criteria or qualifications for li-censure or certification by an agency. A rule may be of general applicability even though it may not apply to the entire state, provided its form is general and it is capable of being applied to every member of an identifiable class. The term includes the amendment or repeal of an existing rule but does not include declaratory rulings or orders or any fees.
The DPSC promulgated Disciplinary Rules for Adult Prisoners (the Rules), LAC 22:1.341 et seq., to govern all prisoner grievances in state penal institutions. *1050 Under the Rules, a prisoner has certain rights when appearing before the Disciplinary Board, including the right to present evidence and witnesses on his behalf. These rights must be followed unless waived by the accused. The Rules further require the Disciplinary Board to rule on motions at the appropriate time and to give reasons for the ruling. LAC 22:1.349.
The Rules also provide certain procedural requirements for hearings by the Disciplinary Board, including a requirement that all hearings be taped in their entirety and preserved for a minimum of 145 days. LAC 22:1.349. Dora Rabalais, Director of l4Legal Programs for the Louisiana State Penitentiary, submitted an affidavit averring that the policy of the institution is to preserve tapes of disciplinary hearings “for one year unless the inmate has requested that the tape recording be preserved for possible judicial review.” In the instant case, Hills apparently made no specific request that the taped recording of the disciplinary hearing be preserved. Thus, by the time his appeal was reviewed by the district court, the tape had been destroyed.
The institution’s policy that an inmate specifically request that a tape recording he preserved for possible judicial review of a disciplinary action is a “requirement for conduct or action” within the language of LSA-R.S. 49:951(6). Therefore, it constitutes a “rule” under that legislation. However, this rule was not properly promulgated in compliance with the procedural requirements of the APA. As such, the rule was unlawfully adopted and is, therefore, invalid and unenforceable. Cf. Rivera v. State, 98-0507, 98-0508 (La.App. 1 Cir. 12/28/98), 727 So.2d 609, writ denied, 99-0289 (La.3/26/99), 740 So.2d 617. Thus, the applicable rule in the instant case is LAC 22:I.349.
As early as one week following the disciplinary hearing, the DPSC was put on notice that Hills contended his constitutional rights were violated because he was denied the opportunity to introduce evidence, face his accuser and call witnesses. Despite this, the DPSC destroyed the taped recording of the disciplinary hearing, preventing this court from reviewing the validity of Hills’ contention. Considering the DPSC’s knowledge of an ongoing judicial review of this matter, we find that the destruction of the recording had the effect of defeating Hills’ right to judicial review of this matter and, therefore, was in error. Accordingly, we vacate the judgment of the district court and the decision of the DPSC and remand this matter to the DPSC for a retrial. See LSA-C.C.P. art. 2161.
| BFor the foregoing reasons, we vacate the judgment of the district court and the decision of the DPSC, and we remand the case to the DPSC for a retrial. Costs of this appeal in the amount of $934.88 are assigned to appellees.
VACATED AND REMANDED.
WEIMER, J., concurs.