897 So.2d 112 (2004)
Abdullah HAKIM-EL-MUMIT
v.
Richard STALDER, Secretary, N. Burl Cain, Warden, Donald Barr, Assistant Warden, Jimmy Johnson, Assistant Warden, Dora Rabalais, Legal Aid, Ray Victoria, Manager.
No. 2003 CA 2549.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
Abdullah Hakim El-Mumit, Angola, Plaintiff/Appellant In Pro Se.
William Kline, Tara Bonnette, Baton Rouge, Counsel for Defendant/Appellee Richard Stalder, et al.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
GAIDRY, J.
This is an appeal from a trial court judgment dismissing a prisoner's suit for judicial review. We affirm.

FACTS AND PROCEDURAL HISTORY
The plaintiff, Abdullah Hakim El-Mumit, a death-row inmate in the custody of the Louisiana Department of Public Safety and Corrections, filed a petition for judicial review of the administrative decision rendered on his Loss of Personal Property Claim No. PC-99-6305. The Loss of Personal *113 Property Claim arose from an incident wherein a number of books and other materials from his cell were confiscated.
The Commissioner[1] noted that El-Mumit's property was confiscated as contraband and that the administrative record revealed that El-Mumit's lost property claim was rejected because this claim had been previously addressed in Administrative Remedy Procedure No. LSP-99-5674. The Commissioner recommended that the district court dismiss El-Mumit's petition for judicial review because El-Mumit had an opportunity to pursue the instant claim in a prior request for administrative relief and should not be allowed to litigate the same issues in a second request for administrative relief in the form of a lost property claim.
El-Mumit filed a traversal to the Commissioner's report, in which he argued that Administrative Remedy Procedure No. LSP-99-5674 concerned property taken on November 10 and 11, 1999, while his Loss of Personal Property Claim No. PC-99-6305 concerned property taken on November 9, 1999. Thus, he claims that the Administrative Remedy Procedure did not address his lost property claim. El-Mumit also claims that his constitutional rights were violated because he believed the books confiscated were of a religious nature.
In a judgment signed August 1, 2003, the district court dismissed El-Mumit's suit for judicial review, with prejudice, at El-Mumit's cost, finding that the Department's decision was neither arbitrary, capricious, manifestly erroneous, or in violation of any of El-Mumit's constitutional or statutory rights. El-Mumit subsequently filed this appeal, arguing that the trial court erred in dismissing his suit.

DISCUSSION
Louisiana Revised Statutes 15:1177 provides for judicial review of administrative acts, and provides, in pertinent part:
(A)(9) The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
(a) In violation of constitutional or statutory provisions.
(b) In excess of the statutory authority of the agency.
(c) Made upon unlawful procedure.
(d) Affected by other error of law.
(e) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
(f) Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record. In the application of the rule, where the agency has the opportunity to judge the credibility of witnesses by firsthand observation of demeanor on the witness stand and the reviewing court does not, due regard shall be given to the agency's determination of credibility issues.
On review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. McCoy *114 v. Stalder, 99-1747 (La.App. 1 Cir. 9/22/00), 770 So.2d 447.
Based upon the information contained in the record, we find no error in the trial court's finding that El-Mumit's suit for judicial review should be dismissed under La. R.S. 15:1177(A)(9). It is clear from the record that both the request for administrative remedy and the lost property claim concerned the same complaint. El-Mumit's arguments lack merit.

DECREE
The judgment of the trial court dismissing El-Mumit's petition for judicial review with prejudice is affirmed. Costs of this appeal are assessed to plaintiff, Abdullah Hakim El-Mumit.
AFFIRMED.
NOTES
[1] The office of the Commissioner of the Nineteenth Judicial District Court was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them.