STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0445

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* FEB 1 9 2021

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. 692241

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * * *

Derrick Jerome Allen                      Plaintiff/Appellant
Angola, Louisiana                         Pro Se

Jonathan R. Vining                        Counsel for Defendant/Appellee
Baton Rouge, Louisiana                    Louisiana Department of Public
                                          Safety and Corrections

* * * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

This is an appeal from a district court judgment dismissing a petition for judicial review of an administrative remedy procedure for lack of subject matter jurisdiction. For the reasons set forth herein, we affirm.

### FACTS AND PROCEDURAL HISTORY

Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, initiated an administrative remedy procedure ("ARP") by handwritten letter stating, "This Is A Request For Administrative Remedy." Although Allen wrote the date "6-26-19" on his request, there is no date stamp of any sort that would show when the request was actually submitted or received. In this ARP, Allen alleged that on March 28, 2019, a female lieutenant had advised him that she planned to have another lieutenant make false allegations of rule violations against another inmate. Allen requested the following relief:

> All ranking female officers at Camp-C, review all their write-up. Fire Lt. Gee and Lt. Young for conspiring and setting up offenders at Camp-C by placing false 21 rule violations on them. Charge them both with malfeasance in office and relieve them of their duties at L.S.P. & DOC.

Allen's request for ARP was screened and rejected on September 11, 2019, with an explanation that the ARP was untimely, since it was filed more than ninety days after the incident occurred.[1] Allen filed a second step request with the Secretary of the Department of Corrections, seeking to require the Warden to address his complaint, which he alleged was in fact timely. He also wrote a letter to the Warden, arguing that his request was timely and the rejection of his request was in error. There is no response to either the second step request or his letter to the Warden in the record.

On December 27, 2019, Allen filed a petition for judicial review in the 19th JDC, in which he stated that he was entitled to file a petition for judicial review

---

[1] The September 11, 2019 response to his ARP does not state when Allen's request was received, only that it was filed more than ninety days after the March 28, 2019 incident.

without exhausting all administrative remedies because the Secretary did not respond to the second step of his ARP within forty-five days. In his petition for judicial review, Allen sought to have the matter remanded to the Warden for consideration, since he alleged that his request for an ARP was not untimely and should not have been rejected on that basis. The Commissioner of the 19th JDC[2] issued a rule to show cause, ordering Allen to show cause as to why the suit should not be dismissed for lack of subject matter jurisdiction based on a failure to seek judicial review within thirty days of the final agency decision. The rule noted that the final agency decision was issued September 11, 2019, and the petition for judicial review was not filed until December 11, 2019. Allen responded to the rule to show cause on January 15, 2020, stating that he had filed a second step request with the Secretary on September 12, 2019 in an attempt to exhaust his administrative remedies before filing the petition for judicial review, and it was only when a response to his second step was not received that he filed the petition for judicial review.

The Commissioner issued a screening report, recommending that the court dismiss Allen's petition for lack of subject matter jurisdiction, since the 30-day time period for filing a petition for judicial review after receipt of the notice of final agency decision is peremptive. See La. R.S. 15:1177(A)(1)(a). The trial court issued a screening judgment on March 3, 2020, dismissing Allen's petition with prejudice for lack of subject matter jurisdiction.

## DISCUSSION

The rules and procedures governing the ARP process are set forth in LAC 22:I.325. Pursuant thereto, administrative remedies for offender complaints and grievances may be initiated either by completing form B-05-005-ARP-1 or by

---

[2] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549, p. 2 (La.App. 1 Cir. 10/29/04), 897 So.2d 112, 113 n. 1.

writing a letter to the warden containing the phrase "This is a request for administrative remedy or ARP." LAC 22:I.325.G.1.a.i & iv. The ARP process must be initiated within a ninety-day period after an incident has occurred. La. R.S. 15:1172(B)(1); LAC 22:I.325.G.1.[3] In this case, the incident allegedly occurred on March 28, 2019; therefore Allen was required to request an ARP by June 26, 2019 in order to preserve his right to use the ARP process.

Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:I.325.I.1. Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons enumerated in LAC 22:I.325.I.1.c.i(a)-(l). An offender whose grievance is rejected during screening must correct the noted deficiencies and resubmit the request to the ARP screening officer. LAC 22:I.325.I.1.c.iii.

The ARP process must be exhausted before an offender may proceed with a suit in federal or state court. *Guy v. Calvit*, 2019-1675, p. 3 (La.App. 1 Cir. 8/5/20), -- So.3d --, --. A request for an ARP that is rejected for any of the enumerated reasons in LAC 22:I.325.I.1.c.i(a)-(l) is not appealable to the second step, and an offender has not properly exhausted his administrative remedies if his request is rejected during grievance screening. LAC 22:I.325.F.3.a.viii and 22:I.325.I.1.c.iii-iv. If an offender fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. *Guy*, 2019-1675 at p. 3, -- So.3d at --.

In this case, Allen's grievance was rejected pursuant to LAC 22:I.325.I.1.c.i(i), as it was determined that more than ninety days had elapsed between the incident and his initial request for a remedy. Although he attempted to proceed to the second step of the process, as noted above, this rejection was not

---

[3] For purposes of the Administrative Remedy Procedure, "days" are defined as "calendar days." LAC 22:I.325.E.

4

appealable to the second step, and his administrative remedies were not exhausted. His only option once his request was rejected was to "correct the noted deficiencies and resubmit the request to the ARP screening officer." Although Allen wrote a letter to the Warden arguing that his request had been rejected in error, he did not resubmit a request for an administrative remedy with the noted deficiencies corrected, as required by LAC 22:I.325.I.1.c.iii.[4]

Offenders are required to use and complete all steps in the ARP properly, including obeying all rules of the procedural process. LAC 22:I.325.D.1. Since Allen's ARP was rejected during screening and he did not resubmit a request for an ARP with the noted deficiency corrected, his request for an ARP was never accepted for consideration, and as such, his administrative remedies could not be exhausted. See LAC 22:I.325.F.3.a.viii. As Allen failed to exhaust his administrative remedies under the ARP, there is no subject matter jurisdiction for judicial review of Allen's grievance. See *Guy*, 2019-1675 at p. 3, -- So.3d at --.

**DECREE**

For the reasons set forth herein, the March 3, 2020 screening judgment of the district court dismissing Derrick Jerome Allen's petition for judicial review with prejudice for lack of subject matter jurisdiction is affirmed. Costs of this appeal are to be borne by Allen.

**AFFIRMED.**

---

[4] As noted above, a request for an administrative remedy must either be on form B-05-005-ARP-1 or in a writing to the warden containing the phrase "This is a request for administrative remedy or ARP." LAC 22:I.325.G.1.a.i & iv. Allen's September 12, 2019 letter to the Warden did not constitute a request for an administrative remedy.