# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## NO. 2020 CA 0891

### COLBY D. LEONARD

### VERSUS

### LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:*     FEB 1 9 2021

* * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C667318

The Honorable Timothy E. Kelley, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Colby D. Leonard<br>St. Gabriel, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Elizabeth B. Desselle<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**THERIOT, J.**

Colby Leonard appeals the Nineteenth Judicial District Court's judgment rendered on March 10, 2020. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2008, Colby Leonard was sentenced to 35 years of imprisonment at hard labor for his conviction of armed robbery pursuant to La. R.S. 14:64. Leonard is currently an inmate at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. Leonard was previously housed at Winn Correctional Center ("WCC") in Winnfield, Louisiana. While he was an inmate at WCC, Leonard filed a writ of praecipe (more commonly titled a writ of mandamus) in the Nineteenth Judicial District Court ("19th JDC").

The following events occurred prior to Leonard filing his writ of praecipe. On December 1, 2017, Leonard inquired as to whether he could enroll in any educational courses at WCC "with a sentence exceeding 15 years[.]" In response, he was informed that there were currently no classes available to him. On December 13, 2017, Leonard filed an ARP request regarding the prison administration's refusal to allow him entry to WCC's educational programs. He was informed on December 20, 2017 that his request had been processed and that he would receive a response from the Warden within the next 40 days.

On January 9, 2018, a first step response was provided to Leonard, informing him that WCC only offers a GED/Hiset Program and the Ashland University Program. Because Leonard already has a GED, he did not qualify for the GED/Hiset Program. As to the Ashland University Program, Leonard was informed that "[f]ederal regulations prevent any offender from receiving funding for Ashland University unless they have a minimum of one year or a maximum ten years left on their sentence." Leonard's sentence exceeds the ten-year maximum, but he was informed that he could pay for the services out-of-pocket if he wished

to. According to the first step response, Leonard informed an employee at WCC's education department that he did not want to pay for those services. The response further told Leonard that any further complaint would have to be addressed at a higher administrative level.

Leonard moved on to the second step of the ARP on January 12, 2018. He reiterated his complaints about not being allowed to participate in further educational programs and alleged that he was being discriminated against because of his sentence. The warden of WCC provided Leonard with a second step response on January 15, 2018, stating that he had received and reviewed Leonard's initial ARP and first step response. The warden stated that "[t]he matter has been fully addressed" and "[n]o further intervention is necessary at this level." Leonard then filed the writ of praecipe at issue.

On May 30, 2018, the Commissioner of the 19th JDC[1] ordered that the defendant, James LeBlanc, of the Louisiana Department of Public Safety and Corrections ("the Department"), be served a copy of Leonard's petition. The order stated that the 19th JDC had reviewed the lawsuit in accordance with the screening requirements of law and had found that the claim raised is a claim subject to judicial appellate review in accordance with La. R.S. 15:1171, *et seq.*, with exclusive venue in the 19th JDC.

On January 24, 2019, the Department filed a motion for status conference, in which the Department argued that WCC is no longer a state prison and that, as a result, the Department is not the proper party to rule on the matter of what type of educational programs are being offered. Accordingly, the Department requested a status conference so that the parties could discuss how to proceed in this matter. The status conference was held on August 14, 2019. At the status conference, the

---

[1] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04); 897 So.2d 112, 113 n. 1.

Commissioner of the 19th JDC informed Leonard that his writ of praecipe had been filed in an improper court and that it should have been filed in Winn Parish, where WCC is located.

Accordingly, on February 14, 2020, the Commissioner issued a report in which it restated that Leonard's proper course of action was to file suit in the Eighth Judicial District Court ("8th JDC"). Specifically, the Commissioner wrote:

> Based upon documentation provided by the Department in numerous other suits for mandamus that have been filed over the last year before this Court concerning the Department and [WCC], it has been determined that the [Department] entered into a contract with Winn Parish Law Enforcement District represented by Cranford Jordan, Winn Parish Sheriff in September 2015. This contract stated "the Department and the Winn Parish Law Enforcement District hereby enter into a Cooperative Endeavor Agreement for the public purpose of allowing the Winn Parish Law Enforcement District to operate [WCC]". Sheriff Jordan then sought the Department's approval to sub-contract its management services obligations to Winn Correctional, LLC. LaSalle Corrections Management owns and operates Winn Correctional Center, LLC and therefore acts as the sub-contractor to the Winn Parish Law Enforcement District. While it may appear at first glance that a private contractor is operating [WCC] on behalf of the Department, in actuality a private contractor is operating [WCC] on behalf of the Winn Parish Law Enforcement District (i.e., the Winn Parish Sheriff).
>
> Offenders housed in [WCC] are in the physical custody of the Winn Parish Sheriff according to the September 2015 contract between the Department and the Winn Parish Sheriff. This facility is operated by a private contractor that has an operating agreement with the Winn Parish Sheriff, not the Department[.] Therefore, the Petitioner must seek his relief in the 8th [JDC] (Winn Parish) in accordance with [La.] R.S. 15:1177(A). Any suits for judicial review or mandamus originating out of [WCC] that do not involve a sentence computation complaints must be filed, accepted, and adjudicated in the 8th JDC as these offenders are in the physical custody of the Winn Parish Sheriff.

Accordingly, the Commissioner recommended that Leonard's writ of praecipe be dismissed without prejudice as it was filed in an improper venue in accordance with La. R.S. 15:1177(A).

4

On March 10, 2020, the 19th JDC adopted the Commissioner's Report as reasons and rendered judgment dismissing Leonard's writ of praecipe without prejudice and at Leonard's cost. This appeal followed.

**STANDARD OF REVIEW**

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied. *Greenhouse v. Louisiana Department of Public Safety and Corrections*, 2017-0316 (La. App. 1 Cir. 11/1/17); 2017 WL 4946864, at *2 (unpublished), *writ denied*, 2017-2122 (La. 1/8/19); 259 So.3d 1021.

**DISCUSSION**

Leonard sets forth many assignments of error. However, because the 19th JDC's March 10, 2020 judgment dismissing Leonard's writ of praecipe without prejudice and at Leonard's cost was based on the Commissioner's finding that the writ of praecipe was filed in an improper venue, the only issue before us is whether that dismissal was proper. We decline to address Leonard's remaining assignments of error. See *Robertson v. Sun Life Financial*, 2009-2275 (La. App. 1 Cir. 6/11/10); 40 So.3d 507, 510.

After considering the entire record of the proceedings, the 19th JDC adopted the commissioner's recommendation and signed a judgment on March 10, 2020 dismissing Leonard's writ of praecipe without prejudice and at Leonard's cost. After a thorough review of the record of the instant appeal, we find no error in the judgment of the 19th JDC and find that the commissioner's recommendation, which the district court adopted as its own, adequately explains the decision. Thus, we

affirm the 19th JDC's judgment in accordance with Uniform Rules – Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), (8), and (10).

## DECREE

For the above and foregoing reasons, the March 10, 2020 judgment of the Nineteenth Judicial District Court is affirmed. Costs of the appeal are assessed to Appellant, Colby Leonard.

**AFFIRMED.**