NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 0306

WILBERT BRADLEY #118934

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS

*Judgment Rendered:* SEP 2 1 2023

* * * * * * * *

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Case No. C709703, Sec. 25

The Honorable Wilson E. Fields, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Wilbert Bradley<br>Angola, Louisiana | Plaintiff/Appellant<br>Pro Se |
| Jonathan Vining<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public<br>Safety and Corrections |

* * * * * * * *

BEFORE: THERIOT, PENZATO, AND GREENE, JJ.

**THERIOT, J.**

Wilbert Bradley appeals the Nineteenth Judicial District Court's ("19[th] JDC") judgment rendered on December 28, 2022. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Wilbert Bradley is an inmate at the Louisiana State Penitentiary in Angola, Louisiana. Previously, on January 3, 2018, Bradley filed an administrative remedy procedure ("ARP") (LSP-2018-0004) wherein he sought the restoration of good time[1] in part pursuant to *Rivera v. State*, 727 So.2d 609 (La. App. 1 Cir. 1998).[2] The Louisiana Department of Public Safety and Corrections ("the Department") denied Bradley's request on April 20, 2018, stating in pertinent part:

> After careful review of your offender record[,] it is noted that your record was reviewed on 08/09/1999 and your good time was restored in compliance with the Rivera Decision. Again on 12/02/2000 your record was reviewed and your good time was restored in compliance with the Cain Decision. At this time your Master Record is in compliance with all decisions regarding restoration of good time.
>
> Therefore, your request for Administrative Remedy is denied.

Bradley proceeded to the second step of the ARP process. In June 2018, the Department responded as follows:

> The first step response is determined to be clear and concise and has adequately addressed your issues. The section on the master prison record marked "RESTORATION" is only good time restored per the Restoration Panel for being two years report free. The good time restored per the Rivera and Cain decisions was removed directly off your MS ON TOTAL FTE TO DATE: section. Your good time was restored during the appropriate time that these cases were relevant. Your time computation is considered correct and will not be amended in this instance.

The record contains no evidence of Bradley appealing the Department's June 2018 second step response.

---

[1] Diminution of sentence for good behavior, as provided for in LSA-R.S. 15:571.3, is commonly referred to as "good time." *Englade v. Louisiana Dep't of Corr.*, 2021-0132 (La. App. 1 Cir. 12/30/21), 340 So.3d 952, 957, writ denied, 2022-00209 (La. 4/12/22), 336 So. 3d 82.

[2] Bradley references a second case, which he simply refers to as *Cain*. Bradley is presumably referring to *Hills v. Cain*, 1999-2324 (La. App. 1 Cir. 3/31/00), 764 So.2d 1048.

Subsequently, on March 23, 2021, Bradley filed another ARP (LSP-2021-0792) wherein he asserted the same claims that he asserted in his 2018 ARP. On May 13, 2021, the Department responded, again stating that good time had already been restored to Bradley pursuant to the *Rivera* and *Cain* decisions. The Department then referred Bradley to his 2018 ARP. Bradley proceeded to the second step of the ARP. In June 2021, the Department responded in pertinent part as follows:

> You have submitted a grievance requesting restoration of good time based on the Cain and Rivera decisions. This grievance is a copy of the grievance you filed in 2018 under LSP-2018-0004. Your issues were addressed at that time and will not be addressed again. Your request is denied.

On July 16, 2021, Bradley filed a *Petition for Judicial Review* with the 19th JDC, seeking judicial review of the Department's denial of his 2021 ARP. In the statement of his claim, Bradley wrote that "[t]he good time taken by the DEPARTMENT OF PUBLIC SAFETY AND CORRECTION was unlawfully done, [and] should be restored to the Plaintiff."

On December 12, 2022, the Commissioner of the 19th JDC ("the Commissioner") recommended that Bradley's 2021 ARP be dismissed with prejudice at Bradley's cost due to his failure to state a cause of action for which relief could be granted.[3] The Commissioner pointed out that Bradley's 2021 ARP addressed the exact same grievance as his 2018 ARP. The Commissioner further noted that Bradley's 2018 ARP had been denied on the basis that Bradley's good time had already been corrected in accordance with the *Rivera* and *Cain* decisions.

Subsequently, on December 28, 2022, the 19th JDC adopted the Commissioner's written recommendations and dismissed Bradley's 2021 ARP

---

[3] The office of the Commissioner of the 19th JDC was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. *Hakim-El-Mumit v. Stalder*, 2003-2549 (La. App. 1 Cir. 10/29/04), 897 So.2d 112, 113 n. 1.

"with prejudice for Petitioner's failure to state a cause of action for which relief could be granted." This appeal followed.

## STANDARD OF REVIEW

The Corrections Administrative Remedy Procedure, set forth in La. R.S. 15:1171-1179, provides that the Department may adopt an ARP for receiving, hearing, and disposing of any and all complaints and grievances by offenders against the state, the governor, the Department or its employees. The adopted procedures are the exclusive remedy for handling the complaints and grievances to which they apply. La. R.S. 15:1171; see also *Spikes v. Louisiana Dep't of Pub. Safety & Corr.*, 2022-0504 (La. App. 1 Cir. 11/4/22), 354 So.3d 84, 86-87. The rules and procedures promulgated by the Department are set forth in LAC 22:I.325. Pursuant to these rules, offenders must exhaust a two-step ARP before they can proceed with a suit in federal or state court. La. R.S. 15:1176; LAC 22:I.325(F)(3)(a)(viii); see also *Spikes*, 354 So.3d at 86-87.

An offender aggrieved by an adverse decision rendered pursuant to any ARP can institute proceedings for judicial review by filing a petition for judicial review in the 19th JDC. See La. R.S. 15:1177(A). On review of the agency decision, the district court functions as an appellate court. *Brown v. Louisiana Dep't of Pub. Safety & Corr.*, 2015-1958 (La. App. 1 Cir. 9/19/16), 277 So.3d 326, 329. The district court's review shall be confined to the record and limited to the issues presented in the petition for review and the ARP filed at the agency level. See La. R.S. 15:1177(A)(5).

On appellate review of a district court's judgment in a suit for judicial review under La. R.S. 15:1177, no deference is owed by the court of appeal to the factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. As such, the *de novo* standard of review shall be applied.

4

*Greenhouse v. Louisiana Dep't of Pub. Safety & Corr.*, 2017-0316 (La. App. 1 Cir. 11/1/17), 2017 WL 4946864, at *2 (unpublished), *writ denied*, 2017-2122 (La. 1/8/19); 259 So.3d 1021.

## DISCUSSION

Bradley's sole assignment of error relates to his allegation that the Department failed to restore forfeited good time in accordance with the *Rivera* decision. It is clear from the appellate record that Bradley's 2021 ARP contains the same allegations as his 2018 ARP. However, it is unclear whether Bradley sought judicial review of his 2018 ARP. The Commissioner's Report references the Department's claims that Bradley failed to appeal the denial of his 2018 ARP. The report further states that the Department reiterated that claim during an October 13, 2022 status conference and references a transcript from that status conference in a footnote. That transcript is not contained within the record.

Based on our review of the appellate administrative record and pursuant to LSA-R.S. 15:1177(A)(9), we find no error in the district court's judgment dismissing the petition for judicial review. On review, we conclude that Bradley has failed to prove that the Department's decision was arbitrary, capricious, manifestly erroneous, or in violation of Bradley's constitutional or statutory rights, and, thus, the district court was correct in dismissing Bradley's suit. See *Thomas v. Hebert*, 2010-1317 (La. App. 1 Cir. 2/11/11), 2011 WL 766665, at *2. We further note that, pursuant to the Department's rules governing adult administrative remedy procedures, the ARP screening officer is specifically authorized to reject a request for administrative remedy where, as here, the complaint is a duplicate request. See LAC 22:I.325(c)(i)(c). Considering the foregoing, the 19th JDC's December 28, 2022 judgment is affirmed.

## DECREE

For the above reasons, the Nineteenth Judicial District Court's December 28, 2022 judgment is affirmed. Costs of the appeal are assessed to Wilbert Bradley, Appellant.

**AFFIRMED.**