STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 CA 1318


RANDY PEREZ

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: _____**JUL 1 7 2024**_____


\* \* \* \* \*


ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 26
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER   717287

HONORABLE RICHARD "CHIP" MOORE, JUDGE PRESIDING


\* \* \* \* \*


| | |
|---|---|
| Randy M. Perez<br>St. Gabriel, Louisiana | Plaintiff-Appellant<br>In Proper Person |
| Robert R. Rochester<br>Baton Rouge, Louisiana | Attorney for Defendant-Appellee<br>Louisiana Department of Public<br>Safety and Corrections |


BEFORE:   THERIOT, PENZATO, AND GREENE, JJ.

**GREENE, J.**

This is an appeal from a district court judgment dismissing a petition for judicial review of an administrative remedy procedure for lack of subject matter jurisdiction. For the reasons set forth, we affirm.

## FACTS AND PROCEDURAL HISTORY

Randy Perez, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, initiated administrative remedy procedure (ARP) claim EHCC-2022-73. Mr. Perez alleged that he had disabilities and was unable to participate in activities and programs because of discrimination. Mr. Perez's request for ARP was screened and rejected on February 17, 2022, with an explanation that "YOU NEED TO BE MORE SPECIFIC AS TO THE SITUATION IN THE COMPLAINT. . . YOUR REQUEST IS UNCLEAR AS IT DOES NOT SPECIFY A DATE OF INCIDENT TO ENABLE THE INSTITUTION TO INVESTIGATE THE MATTER." However, the record shows that the request was not amended for clarification. Thereafter, Mr. Perez filed a petition for judicial review on March 29, 2022.

The Nineteenth Judicial District Court Commissioner[1] screened the case and, on May 31, 2023, recommended that Mr. Perez's petition be dismissed in accordance with La. R.S. 15:1172 without prejudice for failure to exhaust his administrative remedies resulting in a lack of subject matter jurisdiction. Thereafter, on June 27, 2023, the district court dismissed the petition for judicial review without prejudice for the reasons recommended by the Commissioner. Mr. Perez filed an appeal.

## DISCUSSION

The rules and procedures governing the ARP process are set forth in LAC 22:I.325. Once an offender initiates the formal ARP process, the grievance is screened prior to being assigned to the first step in the two-step ARP process. LAC 22:I.325.I.1. Through the screening process, the grievance is either accepted and processed or rejected for one of the reasons enumerated in LAC 22:I:325.I.1.c.i(a)-(l). An offender whose grievance

---

[1] The Office of the Commissioner of the Nineteenth Judicial District Court was created by La. R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to a district judge, who may accept, reject, or modify them. **Hakim-El-Mumit v. Stalder**, 2003-2549 (La. App. 1 Cir. 10/29/04), 897 So.2d 112, 113, n. 1.

2

is rejected during screening must correct the noted deficiencies and resubmit the request to the ARP screening officer. LAC 22:I.325.I.1.c.iii. **Allen v. La. Dept. of Public Safety and Corrections**, 2020-0445 (La. 1 Cir. 2/19/21), 320 So.3d 1175, 1177.

The ARP process must be exhausted before an offender may proceed with a suit in federal or state court. A request for an ARP that is rejected for any of the enumerated reasons in LAC 22:I.325.I.1.c.i(a)-(l) is not appealable to the second step, and an offender has not properly exhausted his administrative remedies if his request if rejected during grievance screening. LAC 22:I.325.F.3.a.viii and 22:I.325.I.1.c.iii-iv. If an offender fails to exhaust available administrative remedies, the district court and the appellate court lack subject matter jurisdiction to review the claim. **Allen**, 320 So.3d at 1177.

In this case, Mr. Perez's grievance was rejected as it was determined that his request was unclear because it did not specify the date of the incident to enable the institution to investigate the matter. His only option once his request was rejected was to correct the noted deficiencies and resubmit the request to the ARP screening officer. See **Allen**, 320 So.3d at 1177. Mr. Perez did not clarify his request as required by LAC 22:I.325.I.1.c.iii.

Offenders are required to use and complete all steps in the ARP properly, including all rules of the procedural process. LAC 22:I.325.D.1; **Allen**, 320 So.3d at 1178. Since Mr. Perez's request was rejected during screening and he did not resubmit a request for an ARP with the noted deficiency corrected, his request for an ARP was not accepted for consideration, and as such, his administrative remedies could not be exhausted. See LAC 22:I:325.F.3.a.viii. As Mr. Perez failed to exhaust his administrative remedies under the ARP, there is no subject matter jurisdiction for judicial review of his grievance. See **Allen**, 320 So.3d at 1178.

**DECREE**

For the foregoing reasons, the June 27, 2023 district court judgment dismissing Randy Perez's petition for judicial review for lack of subject matter jurisdiction is affirmed. Costs of this appeal are cast against Randy Perez.

**AFFIRMED.**

3